UNITED STATES of America ex rel. Benigno MARRERO, No. 69792–158

v.

WARDEN, LEWISBURG PENITENTIARY.

No. 1435.

United States District Court, M. D. Pennsylvania.

July 26, 1972.

Harry C. Batchelder, Jr., John J. Witmeyer, III, New York City; (service of paper) Richard J. Jordan, Scranton, Pa., for petitioner.

Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa., for respondent.

## MEMORANDUM AND ORDER

NEALON, District Judge.

Relator, Benigno Marrero, was convicted on two counts in the United States District Court for the Southern District of New York, of receiving, concealing and facilitating the transportation and concealment of heroin in violation of 21 U.S.C. §§ 173 and 174, and of purchasing, dispensing and distributing cocaine not in or from the original stamped package in violation of 26 U.S. C. §§ 4701, 4703, 4704(a), 4711(a) and 7237(a). As a second offender he was sentenced to 10 years imprisonment on each count to run concurrently. His sentence on the first count was pre-

scribed by Section 174 of Title 21 which states, in pertinent part, that all provisions relating to sentencing are to be governed by Section 7237(d) of the Internal Revenue Code of 1954. The sentence on count two was prescribed by Section 7237(a) of Title 26 and was also governed by the provisions of 7237(d). The importance of Section 7237(d) for our purposes is that it specifically states that in the case of a violation of a law relating to narcotic drugs, Section 4202 of Title 18 shall not apply.[1] Consequently, at the time relator was sentenced, he was not eligible for parole under Section 4202. Relator filed this habeas corpus petition on February 24, 1972, contending that he is now being held in custody unlawfully inasmuch as Section 7237(d) was fully repealed on May 1, 1971, by the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. 91–513, 84 Stat. 1242 et seq., 21 U.S.C. § 801 et seq., and thus, the provisions of 18 U.S.C. § 4202 are not applicable to him, making him eligible for parole after one-third of his sentence has been served. Respondent, the Warden at the United States Penitentiary in Lewisburg, Pennsylvania, where relator is presently confined, challenges the petition alleging that (1) this Court is without jurisdiction because relator has an adequate remedy in the sentencing court under Title 28 U.S.C. § 2255 or a motion for correction or reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure, and (2) the Act of 1970 contained a "savings provision" stating that prosecutions for any violation of law occurring prior to May 1, 1971, shall not be affected by the new Act.

## JURISDICTION

■■ Relator concedes that 28 U.S. C. § 2255 is the proper remedy for a federal prisoner to attack the sentence imposed but argues that "parole eligibil-

---

1. 18 U.S.C. § 4202 provides, in pertinent part:

"A Federal prisoner . . . wherever confined and serving a definite term or terms of over one hundred and eighty days . . . may be released on parole after serving one-third of such term or terms . . . "

ity is a question distinct and apart from the propriety of sentence" and that since § 2255 extends only to correcting sentence, habeas corpus is the proper procedure to determine future parole eligibility. Of course, if § 2255 relief is not available, then relator would not be obliged to apply to the sentencing court as § 2255 requires, viz.:

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*" (emphasis supplied)

I cannot accept relator's view on the limitations of § 2255. The United States Supreme Court has held conclusively that § 2255 was enacted to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined, Hill v. United States, 368 U.S. 424, 427, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), and that, in appropriate cases, it can also be utilized to provide a more flexible remedy. Andrews v. United States, 373 U.S. 334, 339, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963). Moreover, if relief is possible under § 2255, it is the exclusive remedy and habeas corpus is barred for a federal prisoner. Wright, Federal Practice and Procedure: Criminal § 591. Relator must show, therefore, that a § 2255 motion is inadequate or ineffective to test the legality of his detention. He attempts to do this by contending that he does not seek to have his sentence corrected, i. e., ten years imprisonment, but merely seeks a determination of when he is eligible for parole maintaining that his ". . . sentence will not be affected if he is found eligible for parole . . ." However, part of the sentence imposed on May 27, 1970, albeit not explicitly spoken, was that he was not eligible for parole under 18 U.S.C. § 4202. And even if it were not, the question raised as to parole eligibility certainly involves the legality of his detention even though immediate release is not forthcoming. It is not necessary, as relator claims, that § 2255 requires that a movant request immediate release from confinement as it expressly authorizes the District Court to ". . . discharge the prisoner or resentence him or grant a new trial *or correct the sentence as may appear appropriate*". (emphasis supplied) Relator makes many interesting arguments including that of parole eligibility being a question of status and not sentence; that the sentencing court cannot resolve the question of § 4202 parole eligibility; and that the availability of § 4202 is purely a question of statutory interpretation. Nevertheless, in my opinion, § 2255 is broad enough[2] and flexible enough to provide the remedy which relator seeks and, consequently, habeas corpus will not lie in this district.[3]

## MERITS

Assuming arguendo, that this court has habeas corpus jurisdiction to decide the issues raised, I would rule against relator on the merits. In United States v. Bradley, 455 F.2d 1181 (1st Cir.

2. Section 2255 expressly applies to a federal prisoner "in custody" and recently, in Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968) the concept of custody was broadened in that a state prisoner was held to be in custody to the extent that he may in a federal habeas corpus proceeding challenge the constitutionality of a sentence scheduled for future service. Such broadening would be presumably applicable to § 2255 motions. See Wright, Federal Practice and Procedure: Criminal § 582; Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969).

3. The applicability of Rule 35 of the Federal Rules of Criminal Procedure to this situation is a matter more appropriately left to the sentencing court.

1972), defendants were convicted on May 6, 1971 (five days subsequent to the effective date of the new Act) of a conspiracy occurring in March 1971, to sell a narcotic drug, and sentenced to a five-year term, the minimum punishment for first offenders under § 7237(b). Defendants contended in their appeal that since the new Act was in force when they were sentenced, the sentencing court was not bound by § 7237(d) and should have considered other sentencing alternatives, such as suspending sentence, granting probation or providing for parole. The court rejected this argument and held that a reading of the specific saving provision of the new Act, § 1103(a), and the general saving provision as originally enacted in 1871, 1 U.S.C. § 109, compelled the conclusion that narcotics offenses committed prior to May 1, 1971, are to be punished according to the law in force at the time of the offense. Section 1103(a) states:

"Prosecutions for any violation of law occurring prior to the effective date of section 1101 shall not be affected by the repeals or amendments made by such section or section 1102, or abated by reason thereof."

The Court, reading 1103(a) against the background of § 109, held that the word "prosecutions" included the act of sentencing so that the limitations of § 7237(d) continued to apply.

Section 109 provides in pertinent part:

"The repeal of any statute shall not have the effect to release or extinguish any *penalty,* forfeiture, or *liability* incurred under such statute, *unless the repealing Act shall so expressly provide,* and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability." (Emphasis supplied)

Proceeding further, the court in *Bradley* stated that § 109 refers unambiguously to "any statute", whether that statute defines a crime, prescribes a penalty, or elaborates on the nature of the penalty to be imposed. The court summed up, as follows:

"Section 7237(d) was part of the 'liability incurred' by violation of § 7237(b). That is, had trial and sentencing been simultaneous with the offense, the defendants herein clearly would have been ineligible for suspended sentences, parole, or probation. Regardless of whether the legislative grant of these sentencing alternatives is viewed as a release of penalty, under the mandate of § 109 the repealed statute, § 7237(d) is '[to] be treated as still remaining in force.'"

As a result, the sentencing court was held to be powerless to impose sentencing alternatives, including parole. *See also* United States v. Fiotto, 454 F.2d 252 (2d Cir. 1972).

More recently our Court of Appeals in United States v. Caldwell et al., decided July 5, 1972, 463 F.2d 590, rejected the Stephens rationale and chose to follow Bradley and Fiotto, in the following language:

"Accordingly, we must construe the 'savings provision' of Section 1103(a) to mean that sentencing for violations of the old Act shall not be affected by the new Act. Having reached this conclusion, it becomes clear that the provisions of 1 U.S.C. § 109 have the effect of *preserving the penalties prescribed by §§ 4705(a) and 7237(d),* since Congress did not otherwise provide." (Emphasis supplied)

■ Consequently, I conclude that the denial of parole eligibility in § 7237(d) is a penalty preserved by the savings provisions of § 1103(a) and 1 U.S.C. § 109.