## ANDREWS *v.* UNITED STATES.

No. 491.   Argued March 25–26, 1963.—
Decided May 20, 1963.*

*E. Barrett Prettyman, Jr.,* by appointment of the Court, 371 U. S. 885, argued the cause and filed briefs for petitioners.

*Wayne G. Barnett* argued the cause for the United States.   On the brief were *Solicitor General Cox, Assistant Attorney General Miller, Beatrice Rosenberg* and *Richard W. Schmude.*

---

*Together with No. 494, *Donovan* v. *United States,* also on certiorari to the same Court.

MR. JUSTICE STEWART delivered the opinion of the Court.

The two petitioners and a co-defendant were convicted in a Federal District Court upon a three-count indictment charging that they had (1) assaulted a Post Office employee with intent to rob in violation of 18 U. S. C. § 2114, (2) put the life of the Post Office employee in jeopardy by the use of a dangerous weapon in violation of 18 U. S. C. § 2114, and (3) conspired together to violate the aforesaid statute in violation of 18 U. S. C. § 371. The district judge sentenced each defendant to concurrent prison terms of 25 years on Count 2 and five years on Count 3.[1] None of the defendants was asked before the sentences were imposed whether he had anything to say in his own behalf. On appeal, the convictions were affirmed, but the cases were remanded to the District Court for resentencing on Count 2, on the ground that the trial judge had been in error in thinking that under the statute [2] he was without power to suspend sentence and grant probation on that count. *United States* v. *Donovan*, 242 F. 2d 61. Upon remand, the District Court suspended the 25-year sentence which had been imposed on the petitioners' co-defendant, but resentenced the two

---

[1] No sentence was imposed on Count 1, because the court concluded that the conviction under this count had merged with the conviction under Count 2.

[2] "Whoever assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years." 18 U. S. C. § 2114.

petitioners to 25-year prison terms. Again, neither petitioner was afforded an opportunity to speak in his own behalf before the sentences were imposed. The Court of Appeals reaffirmed the convictions. *United States* v. *Donovan*, 252 F. 2d 788.

The proceedings now before us began when the petitioner Donovan filed a motion in the District Court requesting that his sentence "be vacated and he be resentenced" on the ground that, contrary to Rule 32 (a) of the Federal Rules of Criminal Procedure, he had been afforded no opportunity to make a statement in his own behalf either at the time of the original sentence or when the sentence was reimposed.[3] The District Court granted the motion and ordered that Donovan "be returned to this district for resentencing." The petitioner Andrews then wrote to Judge Murphy, the district judge who had acted on Donovan's motion, pointing out that "the identical circumstances exist with me" and asking for similar relief. Judge Murphy ordered that Andrews too be returned to the District Court for resentencing. The Government filed a notice of appeal from both orders, and the resentencing of the petitioners was stayed upon the Government's motion. The Court of Appeals ruled that its appellate jurisdiction had been properly invoked, and on the merits reversed the orders of the District Court, holding that under this Court's decisions in *Hill* v. *United States*, 368 U. S. 424, and *Machibroda* v. *United States*, 368 U. S. 487, the sentencing court's failure to comply with Rule 32 (a) did not constitute a ground for collateral relief. 301 F. 2d 376. We granted certiorari, 371 U. S. 812.

As to the merits of the issue decided by the Court of Appeals, the petitioners contend that there was here not

---

[3] Rule 32 (a), Federal Rules of Criminal Procedure, provides in pertinent part as follows: "Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment."

a mere failure to comply with the formal requirements of Rule 32 (a) as in *Hill* and *Machibroda,* but that a number of aggravating circumstances accompanied the sentencing court's denial of the petitioners' right of allocution. And the Court's opinions in *Hill* and *Machibroda,* say the petitioners, clearly implied that collateral relief would be available in a case where such circumstances were shown to exist. Cf. *United States* v. *Taylor,* 303 F. 2d 165, 167–168. But the petitioners argue preliminarily that the Government had no right of appeal in these cases. We agree with the petitioners that the Court of Appeals did not have appellate jurisdiction, and accordingly, without reaching the merits, we set aside the judgment of the Court of Appeals and remand the cases to the District Court so that the petitioners may be resentenced in accordance with the District Court's orders.

The motion which Donovan filed in the sentencing court was denominated by him as one made under Rule 35 of the Federal Rules of Criminal Procedure.[4] Anderson's letter did not mention Rule 35, but in an affidavit opposing Anderson's request, an Assistant United States Attorney conceded that the "factual and legal posture of this application therefore is identical to the similar motion of Robert L. Donovan." Both applications were filed in the District Court under the docket number of the original criminal case.

In view of this treatment of the motions by the parties and the trial court, the Court of Appeals was asked to consider the motions also as filed in the original criminal cases under Rule 35, and to hold that the trial court's rulings could not be appealed by the Government because they did not come within the limited purview of the Criminal Appeals Act.[5] This reasoning the Court of Ap-

---

[4] Rule 35 provides in pertinent part as follows: "The court may correct an illegal sentence at any time."

[5] 18 U. S. C. § 3731. The Government makes no claim of a right to appeal under the Criminal Appeals Act. No question as to the

peals declined to adopt, treating the motions instead as having been brought under the provisions of 28 U. S. C. § 2255.

The court was correct in regarding *Hill* v. *United States, supra,* as requiring this view, in the case of a prisoner in custody under the sentence he is attacking. Cf. *United States* v. *Morgan,* 346 U. S. 502. And in this area of the law, as the Court of Appeals pointed out, "adjudication upon the underlying merits of claims is not hampered by reliance upon the titles petitioners put upon their documents." 301 F. 2d, at 378. See *Heflin* v. *United States,* 358 U. S. 415. Section 2255 explicitly authorizes a prisoner in custody under a sentence imposed by a federal court to attack such a sentence collaterally upon the ground that the sentence "was imposed in violation of the . . . laws of the United States," by moving the trial court "to vacate, set aside or correct the sentence." [6]

An action under 28 U. S. C. § 2255 is a separate proceeding, independent of the original criminal case. *United States* v. *Hayman,* 342 U. S. 205. The Criminal Appeals Act has no applicability to such a proceeding. Instead, § 2255 itself provides that "An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus."

---

availability of a writ of mandamus is presented by this case. See *United States* v. *Smith,* 331 U. S. 469. Cf. *United States* v. *Mayer,* 235 U. S. 55.

[6] The first paragraph of 28 U. S. C. § 2255 provides:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

We cannot agree with the Court of Appeals, however, that under this provision the Government had a right to take appeals at the time it sought to do so in these cases, because we think it clear that the orders were interlocutory, not final. For a federal prisoner § 2255 can perform the full service of habeas corpus, by effecting the immediate and unconditional discharge of the prisoner. *Sanders* v. *United States, ante,* p. 1. But the provisions of the statute make clear that in appropriate cases a § 2255 proceeding can also be utilized to provide a more flexible remedy. In the present cases neither of the petitioners ever asked for his unconditional release. What they asked, and were granted, was the vacation of the sentences they were serving so that they might be returned to the trial court to be resentenced in proceedings in which their right to allocution would be accorded them. Such a remedy is precisely authorized by the statute. Under § 2255 a petitioner may "move the court which imposed the sentence to vacate, set aside or correct the sentence."[7] And in response to such a motion a District Court is expressly authorized to "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."[8]

---

[7] See note 6, *supra.*

[8] The third paragraph of § 2255 provides: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."

Where, as here, what was appropriately asked and appropriately granted was the resentencing of the petitioners, it is obvious that there could be no final disposition of the § 2255 proceedings until the petitioners were resentenced. Cf. *Parr* v. *United States,* 351 U. S. 513, 518.

The long-established rule against piecemeal appeals in federal cases and the overriding policy considerations upon which that rule is founded have been repeatedly emphasized by this Court. See, *e. g., DiBella* v. *United States,* 369 U. S. 121; *Carroll* v. *United States,* 354 U. S. 394; *Cobbledick* v. *United States,* 309 U. S. 323. The standards of finality to which the Court has adhered in habeas corpus proceedings have been no less exacting. See, *e. g., Collins* v. *Miller,* 252 U. S. 364. There the Court said that the rule as to finality "requires that the judgment to be appealable should be final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved." 252 U. S., at 370.

The basic reason for the rule against piecemeal interlocutory appeals in the federal system is particularly apparent in the cases before us. Until the petitioners are resentenced, it is impossible to know whether the Government will be able to show any colorable claim of prejudicial error. The District Court may, as before, sentence the petitioners to the same 25 years' imprisonment; it may place one or both of them on probation; it may make some other disposition with respect to their sentences. But until the court acts, none of the parties to this controversy will have had a final adjudication of his claims by the trial court in these § 2255 proceedings.

The judgment of the Court of Appeals is set aside, and the cases are remanded to the District Court for the Southern District of New York for further proceedings consistent with this opinion.

*It is so ordered.*