

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2005

# McRae v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2648

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"McRae v. Smith" (2005). *2005 Decisions.* Paper 249.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/249

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2648
_____

TYRONE T. MCRAE;
NAJI SPORTSWEAR INC.

v.

JAMES TODD SMITH; CHARLES FISHER; FUBU
GTFM INC; NAJEE INC.; J. ALEXANDER MARTIN

Tyrone T. McRae,
                                        Appellant

_____

On Appeal From the United States District Court
For the District of Jersey
(D.C. Civ. No. 03-cv-05382)
District Judge: Honorable Anne E. Thompson
_____

Submitted Under Third Circuit LAR 34.1(a)
November 2, 2005

Before: SLOVITER, SMITH and VAN ANTWERPEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed:   November 8, 2005)

_____

OPINION
_____

PER CURIAM

       Appellant Tyrone T. McRae, a New Jersey resident, and NAJI Sportswear

submitted an in forma pauperis civil complaint, 28 U.S.C. § 1915(a), against James Todd Smith, Charles Fisher, Najee Inc., J. Alexander Martin, FUBU The Collection, and GTFM, Inc.  In an order entered on December 29, 2003, the District Court dismissed the complaint with respect to the corporation because corporations may appear in federal courts only through licensed counsel.  Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993).  The court further concluded that all of McRae's claims derived from a trademark owned by the corporation, and that he had no claims distinct from the corporation's claims.

McRae was granted leave to amend to articulate claims distinct from those based upon the corporation's trademark, if possible.  He then filed an amended complaint with essentially the same allegations and paid the filing fee.  Defendants J. Alexander Martin, FUBU The Collection LLC, and GTFM, Inc., a New York corporation, answered the complaint and asserted counterclaims, and later moved for summary judgment or to dismiss the complaint.  In an order entered on March 21, 2005, the District Court granted summary judgment to the above defendants, and dismissed the amended complaint in its entirety.

After the answering defendants indicated their wish to withdraw their counterclaims, the District Court, in an order entered on April 1, 2005, dismissed them without prejudice.  Meanwhile, McRae moved for reconsideration, arguing that his corporation had ceased to exist as of March 3, 1998, and he thus could pursue its

2

trademark claims. Orders denying McRae's requests for reconsideration and reargument were entered on April 11 and 12, 2005. McRae appeals.

We will affirm.[1] McRae alleged trademark infringement, unfair competition, and false designation of origin claims with regard to two trademarks, NAJI and FUBU. He contended that the defendants infringed on the NAJI mark by manufacturing apparel with the term NAJEE, and by obtaining and using the trademark FUBU, an acronym for "For U By Us." The District Court concluded, however, and, after carefully reviewing the record, we agree, that McRae suffered no competitive injury independent of his corporation. It is undisputed that the mark, the name NAJI, is held by McRae's corporation, Ikhanaten Armor, Inc., a Delaware corporation. Although McRae alleged that he licenses the NAJI mark to his corporation, a copy of the trademark itself indicates that the corporation is the registered owner.

The District Court correctly held that Ikhanaten Armor, Inc. is the real party in interest. McRae has no interests in the litigation separate from the corporation,[2] and,

---

[1] The appellees have argued that the appeal is untimely under Federal Rule of Appellate Procedure 4(a)(1)(A). The argument lacks merit. The notice of appeal was filed on April 20, 2005, and thus within 30 days of the order entered on March 21, 2005. More to the point, it was filed within 30 days of the orders disposing of the counterclaims and motions for reconsideration and reargument. This Court may hear appeals only from final orders of the district court. 28 U.S.C. § 1291. The order must end the litigation as to all claims and all parties. Andrews v. United States, 373 U.S. 334 (1963). The March 21 order was not appealable, and the time for appealing did not begin to run, until the litigation was ended as to the counterclaims and the motions for reconsideration.

[2] There was no evidence whatever that *either* McRae or his corporation had any common law or commercial interests in the FUBU mark.

although that fact prevents him from bringing this pro se lawsuit, importantly, it also shields him from personal liability should a third party sue the corporation. Because Ikhanaten Armor, Inc. is a corporation and the real party in interest, it remains only to be said that, as the District Court properly held, McRae may not represent it pro se. See Rowland, 506 U.S. at 202.

Naji Sportswear is the sole proprietorship that remained after the corporation ceased to exist. However, under both Delaware, 8 Del. Code § 278 (West 2001), and New York, N.Y. Bus. Corp. Law § 1003 (McKinney 2003), law, a dissolved corporation may continue to exist for the purpose of winding up its affairs, including bringing and defending lawsuits (in federal court through licensed counsel).

Defendants Smith, Fisher, and Najee Inc. never entered an appearance or otherwise appeared in the case. Because the complaint and amended complaint cannot proceed as a threshold matter, default judgment as to the defendants who did not answer or appear is unavailable. The District Court's disposition of matters is applicable to them as well.

We will affirm the orders of the District Court dismissing the complaint and amended complaint and denying the motions for reconsideration. McRae's motion for expedited summary action is denied.