

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-11-2007

# Young v. Medden

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4117

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Young v. Medden" (2007). *2007 Decisions*. Paper 964.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/964

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4117
_____

WILLIE L. YOUNG JR.,
Appellant

vs.

J.T. MEDDEN; J.A. WRIGHT, ET AL.; CHICKCOVIACT, Officer; D.O.C. S.C.I.
GRATERFORD, (THEN); DONALD VAUGHN, Superintendent (NOW); D.
DIGUGLIELMO, Superintendent; LARANZO, Deputy; AROLYO, Deputy; BIZZERED,
Major; ROBENSON, Lt.; JOHNSON; RADLE, Lt.; MEDDEN, Lt.; HATCHER, Ms.;
SILVER, COI; QUICK, COI; ANDREWS, COI; CLARK, COI; MEDAZ, COI;
CAMPBELL, COI, ET AL.; S.C.I. HUNTINGDON; J. GRACE, Superintendent; R.H.U
STAFF; WILTS, Lt.; ATTAMANSHAFER, Capt.; WALTERS, Lt.; HOUSE, Sgt.;
SHOEMAKER, Sgt.; HAND, COI; PARKS, COI, ET AL.

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 03-cv-05432)
District Judge: Honorable Mary A. McLaughlin

_____

Submitted For Possible Dismissal due to Jurisdictional Defect and Possible Dismissal
Under 28 U.S.C. § 1915(e)(2)(B)
June 1, 2007
BEFORE: CHIEF JUDGE SCIRICA, WEIS and GARTH, CIRCUIT JUDGES

(Filed   June 11, 2007)
_____

OPINION
_____

1

PER CURIAM.

Willie Young, proceeding pro se, appeals from an order of the United States

District Court for the Eastern District of Pennsylvania granting in part a partial motion to

dismiss his complaint and denying his motion for a preliminary injunction. Young also

appeals from an order denying his motion to vacate that order. We will dismiss this appeal

in part for lack of jurisdiction and in part pursuant to 28 U.S.C. § 1915(e)(2)(B).

Young filed a civil rights action against numerous prison employees

claiming constitutional violations arising from physical assaults, verbal harassment,

mishandling of grievances, retaliation, denial of access to the courts, and mishandling of

mail. In February 2006, the District Court granted in part and denied in part the prison

employees' partial motion to dismiss the complaint. The District Court dismissed many of

the defendants from the action, but concluded that Young stated at least one claim against

many of the other defendants. The District Court also denied in its February 2006 order

Young's motion for a preliminary injunction, and later denied his motion to vacate the

court's order.[1] This appeal followed.

We have jurisdiction of appeals from all final decisions of the district courts.

28 U.S.C. § 1291. The rule of finality requires that the judgment be final as to all parties

---

[1] The District Court noted in its February 2006 order that it had granted Young's motion for appointment of counsel in July 2004, but no attorney had agreed to represent him. The District Court stated that it would again try to find counsel for Young, and placed the proceedings in civil suspense.

2

and causes of action to be appealable.  Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 640 (3d Cir. 1991) (citing Andrews v. United States, 373 U.S. 334, 340 (1963)).  Young seeks to appeal an order dismissing some, but not all, of the defendants in his case.  Because a final order has not been entered as to all parties, and the District Court has not certified its February 2006 order under Federal Rule of Civil Procedure 54(b), we lack jurisdiction to review the partial dismissal of the complaint.

We have jurisdiction, however, of appeals from interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . . . " 28 U.S.C. § 1292(a)(1).  In order to be appealable under § 1292(a)(1), the order must relate to the relief ultimately sought by the claimant.  Hershey Foods Corp. v. Hershey Creamery Co., 945 F.2d 1272, 1277-78 (3d Cir. 1991).  Young filed a motion for a temporary restraining order, which the District Court construed as a motion for a preliminary injunction and considered on the merits after the defendants filed a response to the motion.  In his motion, Young sought to enjoin alleged continuing constitutional violations that were the subject of his civil rights complaint.  The District Court's order denying injunctive relief relates to the relief Young ultimately sought in his complaint, and the order is appealable under § 1292(a)(1).

In denying Young's motion, the District Court stated that it could not conclude at this time that Young had shown a reasonable probability of success on the merits, as he had not provided any evidence, outside of his allegations, to support his

3

claims of wrongdoing. The District Court also concluded that it was not clear that Young would be irreparably harmed absent injunctive relief. Finally, the District Court noted that, even if the possibility of irreparable harm weighed slightly in favor of preliminary injunctive relief, the other applicable factors – harm to the nonmoving party and the public interest – weighed against the issuance of a preliminary injunction. The District Court explained that Young's allegations were so wide ranging, that a grant of relief would infringe on the defendants' ability to run the prison and cause the court to be overly involved in the prison's management.

Young primarily alleged in his motion that prison employees were mishandling his outgoing and incoming mail and divulging personal information about him and his family. In a later amendment to his motion, Young claimed that prison employees denied him religious, cultural, and other written materials. The District Court considered the proper factors in evaluating Young's motion, and we conclude that it did not abuse its discretion, commit an obvious error of law, or make a serious mistake in considering the proof. See Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) (setting forth standard of review of denial of injunctive relief).

Accordingly, we will dismiss Young's appeal for lack of appellate jurisdiction to the extent he appeals from the order granting in part the partial motion to dismiss his complaint. We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)

4

to the extent Young appeals from the order denying his motion for a preliminary injunction and the order denying his motion to vacate that order.[2]

_____

---

[2] We also deny Young's motion for appointment of counsel.