

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-2007

# In Re: Shawley

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2352

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Shawley " (2007). *2007 Decisions.* Paper 920.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/920

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**BLD-235**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No.. 07-2352

———————

IN RE: STEVEN A. SHAWLEY,
                                        Petitioner

_____

On Petition for Writ of Prohibition or Mandamus from the
United States District Court for the Middle District of Pennsylvania

(Related to M.D. Pa. Civ. Nos. 04-cv-02187,
04-cv-02405, 06-cv-00784 and 06-cv-01070)

_____

Submitted Under Rule 21, Fed. R. App. P.
May 17, 2007

Before:   MCKEE, FUENTES and WEIS, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: June 18, 2007)

———————

OPINION

———————

PER CURIAM.

　　　　　Petitioner Steven A. Shawley, a prisoner proceeding <u>pro</u> <u>se</u>, seeks a writ of

prohibition or mandamus compelling the District Court to stay all activity in four civil

actions.  For the reasons that follow, we will deny the petition.

I.

Over the past thirteen years, Shawley has filed pro se numerous civil rights actions in the United States District Court for the Middle District of Pennsylvania. This petition concerns four such actions, which have been assigned in the District Court civil action numbers 04-cv-02187, 04-cv-02405, 06-cv-00784 and 06-cv-01070. In civil action 04-cv-02405, the District Court has entered judgment in favor of all defendants, and Shawley has appealed therefrom at C.A. No. 06-4979. All of the other actions remain pending, with the District Court having dismissed some, but not all, claims and parties.

In his petition, Shawley alleges that he was transferred from one prison to another on January 2, 2007 without his (otherwise unspecified) legal materials, that he has been unable to retrieve those materials, and that he is unable to prosecute his pending cases without them. Shawley sought a stay on this basis in his three pending cases, but the District Court denied his motions and granted certain dispositive motions as unopposed after Shawley failed to respond to them.[1] Shawley seeks a writ directing the District Court to stay all proceedings in these actions pending "resolution of his legal property" and also asks that his appellate rights "be held in abeyance."[2]

---

[1] Shawley previously had sought stays in two of these cases on at least five separate occasions, for reasons including the effects of medication, delays in receiving mail, and the type of pens that prison personnel had given him to use.

[2] The remedy that Shawley seeks is properly characterized as a writ of prohibition rather than a writ of mandamus, but "[t]he requirements for obtaining both writs are the same." United States v. Santtini, 963 F.2d 585, 594 (3d Cir. 1992).

2

II.

Insofar as Shawley's petition concerns Civ. No. 04-cv-02405, it does not present a justiciable controversy. The District Court has entered judgment and that judgment is on appeal, so there are no proceedings in the District Court that we could direct it to stay. Shawley's request that we hold his appellate rights in abeyance (assuming it is otherwise proper) is not ripe because it remains to be seen whether Shawley can proceed with his appeal. Shawley sought leave to proceed in forma pauperis in that appeal and submitted an "imminent danger" motion under 28 U.S.C. § 1915(g), which the Court is denying by separate order issued contemporaneously with this opinion. As explained in that order, Shawley can proceed with the appeal only by paying the filing fee in full, and it remains to be seen whether he can or will decide to do so. Thus, this request is premature, and we will deny it without prejudice for Shawley to seek a stay of the briefing schedule or such other relief in C.A. No. 06-4979 as might be appropriate if and when a briefing schedule is issued in that appeal.

With respect to Shawley's remaining civil actions, we will deny the petition because he has not met the standard for issuance of a writ. Prohibition and mandamus are extraordinary remedies that we have discretion to award only when a petitioner has a "clear and indisputable" right to relief and "no other adequate means" to obtain it. In re Pressman-Gutman Co., 459 F.3d 383, 398-99 (3d Cir. 2006); Santtini, 963 F.2d at 594. Shawley has demonstrated neither element here. First, he has not demonstrated an indisputable right to a stay of all proceedings in the District Court. District Courts are

3

vested with discretion in managing their dockets.  See In re Fine Paper Antitrust Litig.,

685 F.2d 810, 817 (3d Cir. 1982).  In denying Shawley's requests for a stay, the District

Court noted that the dispositive motions at issue had been pending for between four and

eight months before the prison transfer on which Shawley relies and that Shawley had not

alleged any reason why he could not have responded before the transfer.[3]  Shawley can

argue on appeal (see discussion below) that the District Court abused its discretion in

refusing a stay, an issue on which we express no opinion, but he has not demonstrated an

indisputable right to relief.

Second, Shawley has not shown that he has no other way of obtaining

relief.  Shawley alleges that he has "no legal remedy other than this writ" for the

"irreparable injury" that the District Court inflicted on him by granting certain

defendants' dispositive motions as unopposed.  Shawley, however, has the usual remedy

for challenging such decisions – an appeal after final judgment.  He alleges no reason

why that remedy would be ineffective to protect his rights.  See Madden v. Myers, 102

F.3d 74, 77 (3d Cir. 1996) ("[A] petition for mandamus 'must not be used as a mere

substitute for appeal.'") (citation omitted).  He alleges that the lack of legal materials

prevents him from bringing an appeal now, but even assuming that were true he has no

right to appeal now because the District Court has not entered final judgment as to all

---

[3] See Shawley v. Pa. Dep't of Corr., No. 06-cv-01070, order at 4-5 (M.D. Pa. Feb. 26, 2007) (Docket No. 18); Shawley v. Luzerne County, No. 06-cv-00784, slip op. at 3-4 (M.D. Pa. March 2, 2007) (Docket No. 31); Shawley v. Luzerne County, No. 04-cv-02187, slip op. at 2-3 (M.D. Pa. March 12, 2007) (Docket No. 108).

claims and all parties. <u>See</u> <u>Andrews v. United States</u>, 373 U.S. 334, 340 (1963). Nor does he allege that he might lose any other right without immediate relief or that he might otherwise be subject to irreparable harm. Finally, the District Court docket entries show that there are no other dispositive motions pending. If Shawley's asserted inability to retrieve his legal materials persists, and if he believes that such inability will prevent him from responding to future motions or otherwise prosecuting his claims, he knows how to seek an injunction requiring the return of his materials in the District Court, which he has not done. We express no opinion on whether he is entitled to such relief.

Accordingly, Shawley's petition for a writ of prohibition or mandamus will be denied.