

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-27-2007

# Tinsley v. Adams

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3060

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Tinsley v. Adams" (2007). *2007 Decisions.* Paper 366.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/366

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-3060
_____

RUSSELL TINSLEY, And On Behalf of Similar Inmates Situation,
                                                        Appellant
                          vs.

ADAMS (WARDEN); GREGORY E. SMITH; DIANA ANHOLT; LYNNE
ABRAHAM; WILLIAM J. MAZZOLA
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 07-cv-01701)
District Judge:  Honorable Thomas N. O'Neill
_____

Submitted For Possible Dismissal due to Jurisdictional Defect and Possible Dismissal
Under 28 U.S.C. § 1915(e)(2)(B)
August 24, 2007
BEFORE:  <u>CHIEF JUDGE</u> SCIRICA, WEIS and GARTH, <u>CIRCUIT JUDGES</u>
(Filed: September 27, 2007)
_____

OPINION
_____

PER CURIAM.

        Russell Tinsley, proceeding <u>pro</u> <u>se</u>, appeals from an order of the United

States District Court for the Eastern District of Pennsylvania partially dismissing his civil

rights complaint, and an order denying his motion for reconsideration.  We will dismiss

1

this appeal in part for lack of jurisdiction and in part pursuant to 28 U.S.C. § 1915(e)(2)(B).

In his complaint, Tinsley sought damages and declaratory and injunctive relief against Philadelphia Common Pleas Court Judge Gregory Smith, Judge William Mazzola, Philadelphia District Attorney Lynne Abraham, Assistant District Attorney Diana Anholt, and Warden Adams of the Philadelphia Industrial Correctional Center. Tinsley claimed constitutional violations related to his ongoing criminal case, including violations of his rights to a speedy trial and access to the courts.

The District Court dismissed Tinsley's claims for equitable relief under 28 U.S.C. § 1915A. The District Court explained that Tinsley's case was ongoing in the Philadelphia Court of Common Pleas, and that it would not interfere in the state judicial process where Tinsley had not shown irreparable injury, a flagrant and patent violation of an express constitutional prohibition, or other extraordinary circumstances.

The District Court also dismissed Tinsley's claims for damages against Judges Smith and Mazzola, District Attorney Abraham, and Assistant District Attorney Anholt based on absolute immunity. And the District Court denied Tinsley's request for class certification because the complaint centered on Tinsley's criminal case. Finally, the District Court ruled that Tinsley's claim against Warden Adams based on an alleged denial of library and legal mail privileges could proceed. Tinsley unsuccessfully sought reconsideration of the District Court's order, and this appeal followed.

We have jurisdiction of appeals from all final decisions of the district courts.

2

28 U.S.C. § 1291. The rule of finality requires that the judgment be final as to all parties and causes of action to be appealable. Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 640 (3d Cir. 1991) (citing Andrews v. United States, 373 U.S. 334, 340 (1963)). Tinsley seeks to appeal an order dismissing some, but not all, of the defendants in his case. Because a final order has not been entered as to all parties, and the District Court has not certified its order under Federal Rule of Civil Procedure 54(b), we lack jurisdiction to review the dismissal of Tinsley's claims for damages against the judges and prosecutors. And, to the extent Tinsley seeks our permission under Federal Rule of Civil Procedure 23(f) to appeal the denial of class certification, we decline to exercise our discretionary jurisdiction. See Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 163-64 (3d Cir. 2001).

We have jurisdiction, however, of appeals from interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . . ." 28 U.S.C. § 1292(a)(1). In order to be appealable under § 1292(a)(1), the order must relate to the relief ultimately sought by the claimant. Hershey Foods Corp. v. Hershey Creamery Co., 945 F.2d 1272, 1277-78 (3d Cir. 1991). In his complaint, Tinsley sought a preliminary and permanent injunction ordering the defendants to stop denying him his rights to a speedy trial, access to the courts, and assistance of counsel. As noted above, the District Court dismissed Tinsley's claims for special or equitable relief based on the ongoing state court proceedings. The District Court's order relates to the relief Tinsley ultimately sought in his complaint, and the order

3

is appealable under § 1292(a)(1).

Although appealable, we agree with the District Court's dismissal of Tinsley's claims for injunctive relief. Tinsley sought federal interference in an ongoing state criminal prosecution. Absent extraordinary circumstances, where the danger of irreparable loss is both great and immediate, injunctive relief is not available. <u>Younger v. Harris</u>, 401 U.S. 37, 45-6 (1971). Tinsley has not shown that such circumstances are present here.

Accordingly, we will dismiss Tinsley's appeal for lack of appellate jurisdiction to the extent he appeals from the order dismissing his damages claims and denying class certification. We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) to the extent Tinsley appeals from the order dismissing his claims for injunctive relief and the order denying reconsideration of that order.