

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-23-2008

# Williamson v. Corr Med Ser

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4425

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Williamson v. Corr Med Ser" (2008). *2008 Decisions.* Paper 57.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/57

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4425
_____

DAVID WILLIAMSON,
                                        Appellant
vs.

CORRECTIONAL MEDICAL SERVICES, INC.; CHRISTINE MALANEY,
DONNA PLANTE; MARGARET LOVE; CHUKS IHUOMA; DR. SITTA C.
ALIE, also known as Dr. Sitta C. Gombeh-Alie; DR. ALAN
ZIMBLE; MICHELLE ROBINSON; JUANITA CLARK; DR. CARLA KIONKE;
FIRST CORRECTIONAL MEDICAL, INC.; FIRST CORRECTIONAL
MEDICAL-DELAWARE LLC

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 06-cv-00379)
District Judge:  Honorable Sue L. Robinson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 17, 1008
Before: SCIRICA, <u>Chief</u> <u>Judge</u>, CHAGARES AND WEIS, <u>Circuit</u> <u>Judges</u>
(Opinion filed: December 23, 2008)

_____

OPINION
_____

1

PER CURIAM.

In June 2006, David Williamson filed a complaint alleging that appellees were deliberately indifferent to his serious medical needs. By order entered July 19, 2007, the District Court granted Appellee First Correctional Medical, Inc.'s (FCMI) motion to dismiss and denied Williamson's motion for a default judgment against FCMI. By order entered September 11, 2007, the District Court denied Williamson's request for a preliminary injunction and, by order entered October 23, 2007, it denied his motion for reconsideration. Williamson filed a notice of appeal from those orders. The case is proceeding in the District Court as to Williamson's claims against the remaining defendants.

We lack jurisdiction over the order denying Williamson's motions for default and the order granting FCMI's motion to dismiss. The orders appealed must end the litigation as to all claims and all parties. Andrews v. United States, 373 U.S. 334 (1963). Rule 54(b) provides that a District Court may direct entry of final judgment as to fewer than all claims and parties if the District Court "expressly determines that there is no just reason for delay." Here, the District Court did not certify the order under Rule 54(b). Because those orders do not dismiss all claims as to all parties and are not certified by the District Court under Fed. R. Civ. P. 54(b), the orders are not appealable at this time.

We do have jurisdiction over the appeal of the order denying Williamson's request for injunctive relief under 28 U.S.C. § 1292(a)(1). The details of Williamson's claims are well known to the parties, set forth in the District Court's memorandum order, and need not be discussed at length. Briefly, Williamson asked that appellee CMS be ordered to provide him medication for his thyroid condition, reconstructive knee surgery, physical therapy, and dental treatment. In deciding whether to issue a preliminary injunction, the District Court must consider "(1) whether the movant has a reasonable probability of success on the merits; (2) whether irreparable harm would result if the relief sought is not granted; (3) whether the relief would result in greater harm to the non-moving party, and (4) whether the relief is in the public interest." Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir. 2002). We review the denial of a motion for a preliminary injunction to determine whether the District Court abused its discretion, committed an obvious error in applying the law, or made a serious mistake in considering the proof. In re Assets of Myles Martin, 1 F.3d 1351, 1357 (3d Cir. 1993).

In order to state a claim under the Eighth Amendment for denial of medical care, Williamson must show that the appellees were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference can be shown by a prison official "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104. A medical need is serious if it is one "that has been diagnosed by a physician as requiring treatment or one

3

that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correctional Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

In his motion for a preliminary injunction, Williamson asserted that on February 24, 2006, he was given a temporary composite repair for a broken tooth instead of a crown. He argued that the repair was substandard and will fail sometime during his incarceration. He did not contend that he was suffering from any pain caused by the tooth at that time. He requested that CMS be ordered to provide him with a crown and a root canal. Appellees submitted an affidavit from a dentist stating that Williamson had received a permanent composite restoration to his tooth and root canal was deemed unnecessary. As to Williamson's requests for treatment for his knee, the District Court noted that he underwent knee surgery in March 2007 and received physical therapy. The District Court denied Williamson's requests for surgery and therapy as moot. Williamson admits that this issue is now moot. The District Court did not abuse its discretion in denying Williamson injunctive relief with respect to the repair of his tooth or his knee surgery.

Williamson alleged that he requires thyroid medication daily. He asserted that he is prescribed a thirty day supply with three refills and is given a card with thirty days of medication to keep in his cell. However, he alleged that he often does not get the next thirty-day card until days after he has run out of medication. Appellees argued that

CMS had undertaken systemwide policy changes in the delivery of medications. The District Court recognized that Williamson had not received his medication on a timely basis in the past but concluded that Williamson was then receiving his medication in a timely manner. The District Court noted that the appellees submitted an affidavit from a doctor who opined that lapses in thyroid medication would not amount to a serious medical need. The District Court determined that injunctive relief was not necessary and Williamson would not suffer irreparable harm. We agree and conclude that the District Court did not abuse its discretion in denying injunctive relief with respect to the thyroid medication. Williamson has not shown a reasonable probability of demonstrating that appellees were deliberately indifferent to his serious medical needs.

Williamson alleged that he does not receive the necessary care for his periodontal disease. The District Court summarized the care Williamson had received and determined that Williamson had not shown that appellees were deliberately indifferent to his serious dental needs. We agree. With respect to his periodontal disease, Williamson has not shown that the District Court abused its discretion in denying injunctive relief. Nor did the District Court abuse its discretion in denying Williamson's motion for reconsideration.

For the above reasons, we will affirm the District Court's October 23, 2007, judgment. Appellees' motion to strike appellant's opening brief is denied. Appellees' motion to strike Appellant's response to Appellees' answering brief is denied. Appellee

5

Zimble's motions to file a supplemental appendix and to seal that appendix are granted. Williamson's motion to strike appellee Zimble's brief is denied. Appellees' motion for leave to file a supplemental appendix is granted. Appellees' motion to seal the supplemental appendix is granted. Williamson's motion for leave to file an addendum to his response to Appellees' brief is granted.