IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 13-30359
Summary Calendar
————————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EDGAR B. BRANCH,

Defendant - Appellant

————————————————

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CV-491

————————————————

Before KING, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Edgar Branch filed a proceeding under 28 U.S.C. § 2255 challenging his 120-month sentence which was explicitly based upon the erroneous assumption that the maximum sentence for his crime was 15 years. In fact, at the relevant time, it was 10 years. In one hearing at which Branch was not present (despite his attorney's request that Branch be allowed to attend), the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court granted the § 2255 application, vacated the original sentence, and resentenced Branch to 96 months. *United States v. Branch*, Criminal Action No. 07-10029, 2013 WL 489818 (W.D. La. Feb. 6, 2013).  He now appeals his new sentence based upon the deprivation of his right to be present; the Government has conceded error and moves for summary disposition. We conclude that a certificate of appealability is unnecessary for this appeal, as Branch is not appealing the court's § 2255 order but rather is appealing the new sentence pronounced after the court granted Branch relief under § 2255. *Cf. Magwood v. Patterson*, 561 U.S. 320 (2010); *Andrews v. United States*, 373 U.S. 334 (1963).

We also agree with the parties that Branch had the right to be present at the resentencing hearing.  *See United States v. Patterson*, 42 F.3d 246, 248-49 (5th Cir. 1994). Accordingly, we cancel oral argument, grant the Government's motion for summary disposition, vacate the sentence, and remand for a new sentencing hearing at which Branch is present.

MOTIONS GRANTED; SENTENCE VACATED; REMANDED.