BLD-129                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1310
_____

IN RE: PETER INGRIS,
                                                    Petitioner

_____
On a Petition for Writ of Mandamus from
the United States District Court
for the District of New Jersey
(Related to D. N.J. No. 2-14-cv-02404)
_____

Submitted Pursuant to Fed. R. App. Pro. 21
March 5, 2015

Before:   AMBRO, JORDAN and KRAUSE, Circuit Judges

(Filed: March 9, 2015)
_____

OPINION*
_____

PER CURIAM

        Peter Ingris has filed a petition for writ of mandamus.  For the reasons that

follow, we will deny the petition.

        Ingris is a litigant in a number of cases in the United States District Court for the

District of New Jersey.  In this petition, he seeks a writ of mandamus disqualifying Leda

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Dunn Wettre and Keith J. Miller from further representation of defendant Česká Televize in his civil action, Ingris v. Drexler, et al., D.N.J. Civ. No. 14-cv-02404, now pending before the Honorable Ester Salas. He seeks to compel these individuals from "further collusion" with Magistrate Judge Michael A. Hammer. Petition at 1-2. Ingris specifically challenges Judge Salas's order of December 17, 2014 approving and adopting the Magistrate Judge's Report and Recommendation dismissing Česká Televize from the action, see Ingris v. Drexler, 2014 WL 7271905 (D.N.J. Dec. 17, 2014), and he also seeks a transfer of this case to Trenton due to an alleged ongoing conspiracy against him in Newark. Ingris further seeks a writ of mandamus compelling Judge Salas to protect his right of access to the courts which allegedly has been impeded by Magistrate Judge Hammer, to ensure that he receives timely notice of the activity in his case, to provide him with fair and unbiased court proceedings "free of intentional manipulations with [his] confidential information," and to provide him the opportunity to argue orally all dispositive matters in his case. Petition at 3, 12.

We recently denied a similar although not identical petition, and to the extent that this petition repeats some of the same allegations against Judge Salas, and concerning Ingris's right of access to the federal court in Newark, the petition is denied for the reasons previously stated. See In re Ingris, --- F. App'x ---, 2015 WL 794948 (3d Cir. 2015).

We will deny this petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of

2

mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). We will grant a writ of mandamus only where three conditions are met: (1) there is no other adequate means to obtain the relief sought; (2) the right to issuance of the writ is clear and indisputable; and (3) we, in the exercise of our discretion, are satisfied that the issuance of the writ is appropriate under the circumstances. In re Pressman-Gutman Co., Inc., 459 F.3d 383, 399 (3d Cir. 2006).

The District Court docket reflects that Magistrate Judge Hammer issued a Report and Recommendation regarding Česká Televize's motion to dismiss the complaint for insufficient service of process and lack of personal jurisdiction.[1] On December 17, 2014, Judge Salas issued an Opinion and Order adopting Judge Hammer's Report and Recommendation and dismissing the lawsuit as to Česká Televize with prejudice based on a lack of personal jurisdiction. Ingris has since moved for reconsideration of the District Court's order dismissing Česká Televize, and moved to transfer the action to the Trenton Vicinage and to disqualify Česká Televize's counsel, see Docket Entry Nos. 118 and 119. These motions remain pending before the District Court.

Mandamus will not lie where there are other adequate means to obtain the relief sought, as there are here. See In re Pressman-Gutman Co., Inc., 459 F.3d at 399. To the extent that Ingrid seeks to appeal the District Court's December 17, 2014 order

---

[1] Ingris's claims against Česká Televize apparently are based on a documentary about his ex-wife and former ballroom dancing partner, Tatiana Drexler, which was broadcast in the Czech Republic. Ingris claimed that the broadcast defamed him, among other claims. The amended complaint also asserted a Nazi-inspired conspiracy against Ingris by his ex-wife and her current husband and certain Eastern European publishers.

dismissing some but not all of the parties, he may not do so via a mandamus petition. A mandamus petition is not a substitute for an appeal, see In re Baldwin, 700 F.3d 122, 127 (3d Cir. 2012); In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003), and may not be used to circumvent the requirements of Federal Rule of Civil Procedure 54(b). An order is not appealable when it does not dismiss all claims as to all parties and is not certified by the District Court under Federal Rule of Civil Procedure 54(b). See Andrews v. United States, 373 U.S. 334, 340 (1963). Rule 54(b) provides that "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. Pro. 54(b). Ingris's assertions against The Historical Society of the U.S. District Court for the District of New Jersey and Donald A. Robinson are vague and insubstantial and also do not warrant mandamus relief.

For the foregoing reasons, we will deny the petition for writ of mandamus.