**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 31, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

EDWARD CHRISTY,

    Defendant-Appellant.

No. 16-2184
(D.C. Nos. 1:15-CV-00881-JB-LAM and
1:10-CR-01534-JB-1)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **HARTZ** and **BACHARACH**, Circuit Judges.

Edward Christy, proceeding *pro se*, seeks a certificate of appealability (COA) in order to appeal the district court's dismissal with prejudice of his 28 U.S.C. § 2255 motion. Because we conclude that Christy has failed to demonstrate entitlement to a COA, we deny his request and dismiss this matter.

I

On May 26, 2010, Christy was originally indicted on four counts: one count of transportation with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a) ("coercion and enticement"), and three counts of possession of child

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B), (b)(2), and 2256. These charges related to Christy's conduct with a sixteen-year-old girl. A subsequent information repeated the same charges, but included only one count of possession of child pornography.

In 2011, Christy entered into a plea agreement in which he plead guilty to both charges alleged in the information and received two concurrent, 108-month sentences, followed by a lifetime term of supervised release. In the agreement, Christy expressly waived his rights to challenge his convictions on direct appeal or collaterally in a § 2255 proceeding, except on the ground that his counsel was ineffective in negotiating or entering into the plea agreement or the appeal waivers in it. However, he did retain the right to appeal the denial of his motion to suppress. At sentencing, the government requested and obtained a dismissal of the original indictment. Christy later appealed the district court's denial of his motion to suppress. We affirmed. United States v. Christy, 739 F.3d 534 (10th Cir. 2014).

In 2014, an unrelated New Mexico Supreme Court case effectively called into question the validity of Christy's coercion and enticement conviction. Coercion and enticement is a federal crime that punishes "criminal sexual activity," which includes "any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2422(a). In New Mexico, a person can be charged with the criminal offense of Criminal Sexual Penetration in the Second Degree. See N.M. STAT. ANN. 1978 § 30-9-11(E)(5). Criminal sexual penetration is "the unlawful and intentional causing of a

person to engage in" certain sex acts, including intercourse. Id. § 30-9-11(A). The government argued that Christy had violated this New Mexico statute, satisfying the "criminal sexual activity" element for coercion and enticement. After Christy's direct appeal concluded, the New Mexico Supreme Court clarified that one cannot commit criminal sexual penetration with a partner who legally consented. See State v. Stevens, 2014-NMSC-011, ¶ 2, 323 P.3d 901. Because the young woman in Christy's case consented and was sixteen years old, the age of consent in New Mexico, Christy could not have committed the underlying state crime and thus could not be guilty of the federal crime of coercion and enticement.

In 2015, Christy filed a § 2255 petition *pro se* attacking both convictions. In light of Stevens, the district court vacated Christy's coercion and enticement conviction. However, the district court did not vacate the child pornography conviction. Instead, the court gave Christy the option of choosing either to withdraw his guilty plea as to the child pornography count, which would allow the government to reinstate the pornography charges in the original indictment, or to retain his plea and sentence. On June 30, 2016, the district court ordered that the parties' elections be filed in the underlying criminal case and then dismissed Christy's § 2255 motion with prejudice. Christy chose to withdraw his guilty plea on July 25, 2016, and the government reinstated the indictment's child pornography charges on August 4, 2016. The district court also declined to issue a COA. Christy, still *pro se*, then filed a Motion to Reconsider Denial of Certificate of Appealability. The district court construed this motion as a second or successive § 2255

motion over which it lacked jurisdiction and explained that Christy had to request authorization from this court to file a second such motion, citing Spitznas v. Boone, 464 F.3d 1213, 1217 (10th Cir. 2006). Christy now seeks a COA from this court.

II

This court has jurisdiction to review a district court's "final order" in a § 2255 proceeding. 28 U.S.C. § 2253(a); see also 28 U.S.C. § 1291. Unlike the situation where the district court grants a § 2255 motion and orders resentencing, as was the case in Andrews v. United States, 373 U.S. 334 (1963), the net effect of the district court's order here was to grant Christy a new trial on his now reinstated and pending pornography charges. The procedural status of this case is more akin to the circumstance noted in United States v. Hadden, 475 F.3d 652, 662-63 (4th Cir. 2007), where the district court's order granting a new trial completes the § 2255 proceeding and is immediately appealable, in spite of the fact that further action is contemplated before the district court, i.e., conducting a new trial.

Contrary to the district court's view, we do not consider Christy's Motion to Reconsider Denial of Certificate of Appealability as a second or successive § 2255 motion. We are left then to consider his request for a COA to contest the district court's rejection of his petition. In order to obtain a COA, Christy must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). Where, as in this case, a district court dismisses a § 2255 motion on procedural grounds, Christy must make two threshold showings: "[1] that jurists of reason would find it debatable whether the [§ 2255 motion]

-4-

states a valid claim of the denial of a constitutional right, and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Gonzalez v. Thaler, __U.S.__ , 132 S. Ct. 641, 648 (2012) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

This he has not done. The district court, despite Christy having pleaded guilty and expressly waived any challenges to his convictions, granted Christy relief on his 18 U.S.C. § 2423(a) charge and also gave Christy the option of withdrawing his guilty plea on the pornography count – which he has now done. In his application for a COA, Christy argues that, for a number of reasons, the district court erred in concluding that his plea to the § 2423(a) charge was knowing and voluntary. Because he has been permitted to withdraw his plea, these claims are now moot.

### III

Because Christy has provided no viable basis for relief, and because reasonable jurists would not find the district court's denial of his claims debatable or wrong, we DENY his request for a COA and dismiss the matter. We GRANT his motion to proceed *in forma pauperis*.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

-5-