**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3594
_____

CLINTON LEWIS;
H. L., A Minor;
S. L., A Minor,
                              Appellants

v.

DEFENDER ASSOCIATION OF PHILADELPHIA;
CITY OF PHILADELPHIA; JOHN DOE, In his individual and Official Capacity,
a/k/a FJD Security Officer Dibernardo; FIRST JUDICIAL DISTRICT OF
PENNSYLVANIA; COMMONWEALTH OF PENNSYLVANIA; MATTHEW
SIMONE, RNP; TENET HEALTH SYSTEM HAHNEMANN LLC,
d/b/a Hahnemann University Hospital; REBECCA LYNN MAINOR
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-01674)
District Judge:  Honorable Legrome D. Davis
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2017
Before:  VANASKIE, COWEN, and NYGAARD, Circuit Judges

(Opinion filed: November 2, 2017)
_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

_____

PER CURIAM

Clinton Lewis and his two minor children filed a lawsuit in the Philadelphia Court of Common Pleas, bringing federal and state claims relating to events surrounding the removal of the children from Lewis's custody. Noting the federal claims, two of the defendants removed the action to the United States District Court for the Eastern District of Pennsylvania. Subsequently, Lewis and his children amended their complaint.

In the amended complaint, Lewis and his children brought claims against the Commonwealth of Pennsylvania ("the Commonwealth"), the First Judicial District of Pennsylvania ("FJD"), FJD Security Officer DiBernardo, the City of Philadelphia ("the City"), the Defender Association of Philadelphia ("the Defender Association"), and Rebecca Mainor (a lawyer at the Defender Association), under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and (d), 42 U.S.C § 1983, and several state law causes of action.[1] Clinton also sued Tenet Healthsystem d/b/a Hahnemann University Hospital ("Tenet"),[2] and Matthew Simone (a Tenet nurse practitioner) for medical professional negligence.

All of the defendants but Tenet and Simone moved to dismiss the amended complaint. Tenet and Simone filed an answer instead. In an order entered on August 24,

---

[1] Some of these state law claims were brought by Lewis and the children; two only by Lewis; and one only by the children.

[2] Tenet later identified itself as Tenet HealthSystem Hahnemann, LLC.

2016, the District Court granted the motions to dismiss. Specifically, the District Court

dismissed all the claims against the Commonwealth and the FJD with prejudice on the

basis of sovereign immunity. The District Court also dismissed the RICO claim against

the City with prejudice (noting the plaintiffs' agreement that those claims should be

dismissed) and the RICO claims against Mainor and the Defender Association without

prejudice. The District Court dismissed the § 1983 claims against the City, Mainor, and

the Defender Association without prejudice. Having dismissed all of the federal claims,

the District Court then declined to exercise jurisdiction over the state law claims. The

District Court twice explicitly stated that it was dismissing the complaint "in its entirety."

Order, 1 & 11. Lewis appeals.[3]

We first consider our jurisdiction, which Appellees challenge in responses to a

jurisdictional notice issued by the Clerk and in their briefs. Upon review, we conclude

that the District Court issued a final order over which we have jurisdiction under 28

U.S.C. § 1291.

We reject the argument that the District Court's order was not final because some

claims were dismissed without prejudice in order to provide Lewis an opportunity to

amend his complaint to state a claim. "Generally, an order which dismisses a complaint

---

[3] Lewis and his children filed a notice of appeal through counsel. After counsel was permitted to withdraw from this case for medical reasons (the District Court also permitted his withdrawal in the District Court on February 27, 2017), Lewis filed a brief on behalf of himself and his children. We notified him that he could not represent his children and that the appeal would proceed only as to him unless new counsel entered an appearance. No new counsel has entered an appearance, so this appeal proceeds only as

without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). "Only if the plaintiff cannot amend or declares his intention to stand on his complaint does the order become final and appealable." Id. at 951-52. Lewis chose not to amend his complaint; he instead appealed and has declared his intention to stand on his complaint. See Frederico v. Home Depot, 507 F.3d 188, 192-93 (3d Cir. 2007) (determining that a plaintiff had elected to stand on her complaint where she did not seek to correct the purported pleading deficiencies, but instead repeatedly asserted that her complaint was sufficient as filed). Accordingly, that the District Court's ruling was "without prejudice" as to some claims does not preclude our review.

We also reject the argument that the District Court's order is not final and immediately appealable because claims remain against Tenet and Simone, who filed an answer to the complaint, not a motion to dismiss. The appellees are correct that a judgment, to be appealable, must be final as to all parties, all causes of action, and the whole subject-matter. See Andrews v. United States, 373 U.S. 334, 340 (1963) (citing Collins v. Miller, 252 U.S. 364 (1920)); Mellon Bank, N.A. v. Metro Commc'ns, Inc., 945 F.2d 635, 640 (3d Cir. 1991). And, as they note, an order that does not resolve all the claims against all the parties does not end the action and is not an immediately appealable order unless the district court, pursuant to Federal Rule of Civil Procedure

to Lewis.

4

54(b), expressly directs the entry of a final judgment as to some subset of the claims or parties. Fed. R. Civ. P. 54(b); Hill v. City of Scranton, 411 F.3d 118, 124 (3d Cir. 2005). However, in this case, as the District Court twice stated, the complaint was dismissed in its entirely. Although Tenet and Simone did not move to dismiss the complaint, which presented a state law claim of medical professional negligence against them, the District Court dismissed the complaint against them. After the District Court dismissed the federal claims against other defendants, the District Court declined to exercise supplemental jurisdiction to review the state law claims, including the claim of medical professional negligence. No claims remain to be considered in the District Court, and we have jurisdiction over this appeal.

We exercise plenary review over a district court's order dismissing a complaint for failure to state a claim upon which relief can be granted or for lack of subject matter jurisdiction. See Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 83 (3d Cir. 2011); Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). We review a district court's exercise of supplemental jurisdiction for abuse of discretion. See De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 311 (3d Cir. 2003). We do not review, however, arguments that are not raised on appeal; those arguments are waived. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993); see also Al-Ra'Id v. Ingle, 69 F.3d 28, 31 (5th Cir. 1995) (noting that pro se litigants are not excepted from the requirement to raise and argue issues on appeal).

5

As some Appellees argue, Lewis's brief is deficient. Although he filed his notice of appeal to challenge the District Court's order of August 24, 2016, he states in his brief that he challenges the District Court's order of February 27, 2017 (the order permitting his counsel to withdraw from the case for medical reasons). Appellant's Informal Brief 1. He misidentifies the date of his notice of appeal as January 23, 2017, though it appears that he did not file anything in this Court or the District Court on that date that could be considered a notice of appeal.[4] Id. As his statement of the case, he notes that the District Court stayed his case at that time for 60 days so that he could secure new counsel. Id. He does present a summary of the facts of his case insomuch as he repeats his claim that his rights were violated in the proceedings that removed his children from his custody, and he asserts that he wants a fair and adequate trial. Id. at 2. But in explaining how the District Court wrongly decided his case, he complains only that the case was wrongly removed to the District Court. Id. at 3. He states that there is no other reason why the District Court's ruling was wrong and that the District Court did not apply the wrong law. Id. at 4 & 5.

First, the District Court's order permitting counsel's withdrawal from the case is not before us. Lewis's notice of appeal specified the August order and predated the February order by months. He simply did not appeal from the February order.[5]

---

[4] On that day, we granted his counsel's motion to withdraw from this appeal.

[5] To the extent that he seeks reconsideration of our order of January 23, 2017, allowing his counsel to withdraw in light of his serious medical problem, reconsideration is denied.

Second, Lewis raised no objection in the District Court to the removal of his complaint, which raised federal claims on its face. Because he did not present the issue to the District Court, the argument is waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991).

As some Appellees assert, all other issues also have been waived. See United States v. Pellulo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."); see also United States v. Albertson, 645 F.3d 191, 195 (3d Cir. 2011) (explaining when "extraordinary circumstances" allow review of a later-raised argument).

For these reasons, we will affirm the District Court's judgment.