

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-16-2008

# Stevens v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4167

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"Stevens v. Comm Social Security" (2008). *2008 Decisions.* Paper 835.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/835

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-4167

———————

VANDETTA A. STEVENS,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 07-cv-00115J)
District Judge: Honorable Kim R. Gibson

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 10, 2008

Before: AMBRO, FUENTES and FISHER, <u>Circuit Judges</u>

(Opinion filed: July 16, 2008)

———————

OPINION

———————

PER CURIAM

On May 22, 2007, Vandetta A. Stevens filed a complaint to protest an

administrative law judge's order dismissing her administrative appeal as untimely filed.

Stevens applied for, and the District Court granted her, <u>in</u> <u>forma</u> <u>pauperis</u> status pursuant

to 28 U.S.C. § 1915. On October 4, 2007, the District Court warned Stevens that her complaint would be dismissed on October 23, 2007, for failure to effect service unless she showed good cause for the failure. On October 23, 2007, the District Court dismissed Stevens's complaint, noting that she had not responded to the earlier October order. On October 24, 2007, the District Court docketed Stevens's notice of appeal (dated October 18, 2007, and bearing an October 19, 2007 postmark date) from the October 4, 2007 order.

Although both parties, focusing on the October 23, 2007 order, assume we have jurisdiction over this appeal, we must consider our jurisdiction as a preliminary matter.[1] Appellate jurisdiction attaches over an appeal from a final order under 28 U.S.C. § 1291,

---

[1]If Stevens had filed a notice of appeal in response to the October 23, 2007 order dismissing her complaint without prejudice, the parties' assumption would be safe. The dismissal without prejudice was a final decision, because Stevens would be time-barred from refiling her complaint. See Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002) (holding that an order dismissing a claim without prejudice is a final and appealable order if the statute of limitations for that claim has expired); 42 U.S.C. § 405(g) (providing a sixty-day limitations period for seeking judicial review of a decision by the Commissioner of Social Security). We would review the District Court's decision for abuse of discretion. See Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1308 (3d Cir. 1995). If we could review the District Court's final order, we would need to consider vacating it. Rule 4(m) of the Federal Rules of Civil Procedure, on which the District Court relied, provides that if a plaintiff does not effect service within 120 days after filing a complaint, the District Court "shall dismiss the action without prejudice . . . or direct that service be effected within a specific time." Fed. R. Civ. P. 4(m). However, under Rule 4(c)(2), the District Court is obligated to appoint a United States marshal or deputy United States marshal to effect service when a plaintiff is permitted to proceed in forma pauperis, as Stevens was. Fed. R. Civ. P. 4(c)(2). It does not appear that any person was appointed to effect service on Stevens's behalf in accordance with Rule 4(c)(2).

2

from a collateral order under the doctrine of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949), from an appropriate order relating to the grant or denial of injunctive relief under 28 U.S.C. § 1292(a), and from questions certified pursuant to 28 U.S.C. § 1292(b) or Federal Rule of Civil Procedure 54(b). See In re Briscoe, 448 F.3d 201, 211 (3d Cir. 2006). The only avenue for review in question in this case is 28 U.S.C. § 1291.

For jurisdiction to attach under 28 U.S.C. § 1291, there must be a District Court decision that "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" See Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 299, 233 (1945)). A judgment must be final as to all parties, all causes of action, and the whole subject-matter. See Andrew v. United States, 373 U.S. 334, 340 (1963) (citing Collins v. Miller, 252 U.S. 364 (1920)); Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 640 (3d Cir. 1991).

The District Court's order of October 4, 2007, did not end the litigation on the merits. Instead, it invited Stevens to show cause why her case against the Social Security Administration should begin. The order notified Stevens of a potential future outcome; it did not constitute a final judgment. Accordingly, the October 4, 2007 order was not an immediately appealable final order for the purposes of 28 U.S.C. § 1291.

The jurisdictional analysis remains incomplete, however, because the District Court dismissed Stevens's complaint after Stevens submitted her notice of appeal (and

3

one day before her notice of appeal was docketed). In <u>Cape May Greene, Inc. v. Warren</u>, 698 F.2d 179 (3d Cir. 1983), we "held that a premature notice of appeal, filed after disposition of some of the claims before a district court, but before entry of final judgment, will ripen upon the court's disposal of the remaining claims." <u>ADAPT of Phila. v. Phila. Hous. Auth.</u>, 433 F.3d 353, 361-62 (3d Cir. 2006) (summarizing <u>Cape May Greene</u>). However, as no claims had been disposed of in the District Court when Stevens filed her notice of appeal, her case is factually distinct from the paradigm <u>Cape May Greene</u> case. <u>See</u> <u>also</u>, <u>e.g.</u>, <u>Presinzano v. Hoffmann-LaRoche, Inc.</u>, 726 F.2d 105 (3d Cir. 1984). Instead, the order to show cause is like the discovery or similar interlocutory orders, such as sanctions orders, to which the <u>Cape May Greene</u> rule does not apply. <u>See</u> <u>ADAPT of Phila.</u>, 433 F.3d at 365. As in <u>ADAPT of Phila.</u>, in this case[2] "the assertion of appellate jurisdiction . . . would do more than overcome a mere technicality – it would invite the very piecemeal litigation discouraged by 28 U.S.C. § 1291." 433 F.3d at 364.

In short, we lack appellate jurisdiction over Stevens's appeal and dismiss it accordingly.

---

[2]The outcome in this case does not reflect any change in our liberal construction of Rule 3 of the Federal Rules of Appellate Procedure. <u>See</u> <u>Pacitti v. Macy's</u>, 193 F.3d 766, 776 (3d Cir. 1999). However, we cannot conclude that a litigant who clearly designated an order entered by the District Court intended to appeal an order that did not exist at the time she prepared and mailed her notice of appeal.