NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1502
_____

CARLOS ZUNIGA HERNANDEZ,

Appellant
v.

UNKNOWN OFFICER; OFFICER ARENAS; LT. SPELLER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-cv-00332)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal for Jurisdictional Defect or
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 5, 2011

Before: SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: May 17, 2011)
_____

OPINION
_____

PER CURIAM

    Carlos Zuniga Hernandez filed suit pro se and in forma pauperis against one

unknown and two named correctional officers at the federal prison where he is an inmate.

1

The United States Marshals Service served process on the named defendants and the United States. See Fed. R. Civ. P. 4(c),(e), & (i). Based on allegations described more fully by the District Court, Zuniga Hernandez claimed that the defendants violated his Eighth Amendment rights because (1) the unknown officer failed to protect him after he informed him of an attempted rape on January 9, 2009; (2) when Zuniga Hernandez was brought up on disciplinary charges for fighting with the inmate who allegedly attempted to rape him, Officer Arenas lied by denying that Zuniga Hernandez had reported "sexual approaches" by the other inmate (saying instead that Zuniga Hernandez had stated that he was having problems with another inmate but offered no specifics); and (3) Lieutenant Soeller failed to respond to Zuniga Hernadez's reports of two attempted rapes and an attempted theft committed by the other inmate.

The named defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment. The District Court, adopting the Magistrate Judge's report and recommendation and overruling Zuniga Hernandez's objections, dismissed the complaint for failure to state a claim upon which relief can be granted. The District Court also denied Zuniga Hernandez's motion to amend the complaint, concluding that amendment would be futile. In the same order, the District Court remanded the matter to the Magistrate Judge for further proceedings. In doing so, the District Court was considering the Magistrate Judge's earlier order which gave Zuniga Hernandez additional time to identify the unnamed defendant in the complaint. Zuniga Hernandez appeals from the

2

District Court's order.

The first issue is whether we have jurisdiction over Zuniga Hernandez's appeal despite the pending claims against the unknown defendant, which the District Court remanded to the Magistrate Judge for further proceedings. Although the remand was entirely proper, see Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (holding that "an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery"), it does not divest us of jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

For jurisdiction to attach under 28 U.S.C. § 1291, a judgment must be final as to all parties, all causes of action, and the whole subject-matter. See Andrews v. United States, 373 U.S. 334, 340 (1963) (citing Collins v. Miller, 252 U.S. 364 (1920)); Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 640 (3d Cir. 1991). In actions involving multiple claims and parties, a district court may direct the entry of final judgment on fewer than all of the claims and parties on the express determination that there is no just reason for delay. See Fed. R. Civ. P. 54(b) (explaining the requisite determination under the rule); Gomez v. Gov't of the Virgin Islands, 882 F.2d 733, 736 (3d Cir. V.I. 1989). Although there was no Rule 54(b) certification in this case, we still have jurisdiction over this appeal because a defendant who has not been served is not a "party" within the meaning of Rule 54(b). Id.; see also United States v. Studivant, 529

3

F.2d 673, 674 n.2 (3d Cir. 1976).  The only claims that the District Court did not adjudicate were those claims against the unserved, unnamed defendant.[1]

Concluding that we have jurisdiction under 28 U.S.C. § 1291, we exercise plenary review over the dismissal of Zuniga Hernandez's complaint, and we review the denial of leave to amend for abuse of discretion.  See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004).  On review, we will summarily affirm the District Court's judgment because no substantial issue is presented on appeal.  See Local Rule 27.4; I.O.P. 10.6.

The District Court properly dismissed the complaint against the two named defendants for failure to state a claim.  The Eighth Amendment, which guards against "unnecessary and wanton infliction of pain" in prison, see Whitley v. Albers, 475 U.S. 312, 319 (1986) (citation omitted), has been interpreted to include protection against "'violence at the hands of other prisoners,'" Farmer v. Brennan, 511 U.S. 825, 833 (1994).  However, not "every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety."  Id. at 834.  Nonetheless, when a prison official is deliberately indifferent to a substantial risk of a serious harm, the Eighth Amendment is violated.  Id. at 836.  The harm must be "objectively, 'sufficiently serious.'"  Id. at 834.  A prison official is deliberately indifferent to the risk of that harm when he or she "knows of and disregards

---

[1] We note that it appears that Zuniga Hernandez has made no effort since the District Court's ruling to identify the unnamed defendant.  Also, in response to our notice of

4

an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. For example, a prison official could be said to have knowledge of the risk in a case where the "plaintiff presents evidence showing that a substantial risk of inmate attacks was 'longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus "must have known" about it.'" Id. at 842.

As the District Court concluded, Zuniga Hernandez did not meet the standard based on his allegations. Assuming Zuniga Hernandez showed that he faced a serious risk of harm, he did not show that the defendants were deliberately indifferent to it. Based on his allegations, the defendants took measures to protect him. Zuniga Hernandez alleged that as soon as he reported the attempted theft and the two alleged sexual assaults in the shower, Arenas sent the accused inmate to another housing unit to see Soeller, separated the inmates within one housing unit, and stated that he would talk with the accused inmate himself. Soeller also talked to Zuniga Hernandez and assured him that the accused inmate was not to come into Zuniga Hernandez's space to bother him anymore. Although the other inmate subsequently entered Hernadez's cell and struck and kicked him (which led to a fight in which both parties were injured), Arenas

possible dismissal for jurisdictional defect, he states that the District Court's order

5

and Soeller made reasonable efforts to protect Zuniga Hernandez from the risk of harm under the circumstances described in the complaint.

Zuniga Hernandez also did not state a claim upon which relief can be granted based on his allegation that Arenas gave a false statement at the disciplinary hearing following the fight between Zuniga Hernandez and the other inmate. Despite Zuniga Hernandez's claim to the contrary, the allegedly false statement was not an example of deliberate indifference to a substantial risk of serious harm. See, generally, Farmer, 511 U.S. at 832-36. To the extent that his allegation implicates due process concerns (assuming a protected liberty interest), he explains in his complaint how due process was satisfied - he had an opportunity to be heard and defend against the allegedly falsified evidence at his disciplinary hearing. See Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002). In any event, to the extent that he brought the claim of a false statement to recover good time credits lost as a result of his disciplinary hearing, his claim is barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994). See Edwards v. Balisok, 520 U.S. 641, 646-47 (1997).

In short, the District Court properly dismissed Zuniga Hernandez's complaint against the named defendants. The District Court also did not abuse its discretion in denying leave to amend as futile. In his proposed amendment, Zuniga Hernandez

---

resolved all of his claims and issues before the District Court.

6

presented essentially the same allegations (although he wished to add two more defendants to the suit).  For these reasons, we will affirm the District Court's judgment.