GLD-069                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3553
_____

TONY L. HAYNES,
                                        Appellant

v.

T. MOORE, WARDEN;
MR. CROWLEY, DENTIST;
MR. WILY, DENTIST

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 09-cv-04958)
District Judge:  Honorable Timothy J. Savage

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 16, 2010
Before:  AMBRO, CHAGARES AND NYGAARD Circuit Judges

(Opinion filed: January 4, 2011)
_____

OPINION
_____

PER CURIAM

        In September 2009, Tony L. Haynes, previously a prisoner of the Bucks County

Department of Corrections, filed suit *pro se* and *in forma pauperis* against T. Moore, the

prison warden of the Bucks County Correctional Facility, and two dentists at the

institution, whose names he gave as Mr. Crowley and Mr. Wily.  Proceeding under 42 U.S.C. § 1983, he claimed that the dentists improperly extracted his wisdom tooth, causing a permanent hole in his gum and severe irritation and pain.  Haynes also alleged that the dentists were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when they ignored his ten subsequent requests for follow-up care and denied him further treatment to fix the injury between February 2009 and September 2009.   The basis for the claim against Moore was his perceived failure to investigate the grievance Haynes filed in January 2009, in which he complained that he had developed a severe irritation after the extraction of his wisdom tooth and that he continued to have difficulties with the gum area despite visiting the dentist five times since then.

The United States Marshal's Service tried to effect service on the dental defendants, but reported that no one in the "medical dept." knew of dentists by those names.  Also, an Internet search conducted by the Marshal's Service did not reveal dentists with those names (or with spelling variants of those names) licensed in Pennsylvania.  Moore, who did receive a copy of the complaint, responded by moving to dismiss it.  The District Court granted the motion and dismissed the complaint as to Moore.  In the memorandum accompanying the order dismissing the complaint against Moore, the District Court also stated that the Eighth Amendment claim "appear[ed] deficient" as to the dental defendants.  The District Court noted that Haynes wrote, in the January 2009 grievance attached to the complaint, that he had been to the dentist five times since his wisdom tooth had been extracted.

Haynes subsequently submitted another form complaint.  On the form, Haynes

2

listed Moore, a dentist with the name of Crielly, and a John Doe dentist as defendants. On the form, he outlined the problems he had with the tooth extraction and aftermath (including what he described as a "hole" in another tooth) and explained that he had learned the proper name of one of the dental defendants. He stated that it was Crielly who put the hole in his gum and Crielly he wished to sue. Haynes explained that he submitted a grievance about the matter, citing the January 2009 grievance attached to his initial complaint. In his complaint, he also stated that it was dentists at the State Correctional Institute at Somerset (SCI-Somerset), where he currently resides, who had to fix his dental problem.

Moore again filed a motion to dismiss, noting that Haynes did not assert any new claims against him in the amended complaint, and incorporating by reference his previous arguments for dismissal as to him. The District Court, noting that Haynes had not filed a motion to amend the complaint, treated the amended complaint as a motion to amend the complaint and denied it. The District Court noted that Haynes wished to add two defendants who treated him at Bucks County Prison, but concluded that the amendment would be futile because Haynes's claims against the defendants amounted to claims of negligence or professional malpractice that were insufficient to state a constitutional violation. The District Court dismissed Haynes's action.

Haynes appeals. He has filed a motion to dismiss Moore from the appeal. In his motion, he explains that his "case was for the dentist at Buck[s] County Jail name[d] Dr[.] Crillcey." Repeating the name as Dr. Crillcey, Haynes also states that another dentist, a woman, helped Dr. Crillcey when he put a hole in Haynes's gum. He notes that

3

he went back to Dr. Crillcey approximately four times and that Dr. Crillcey hurt him and put a hole in his gum and a hole in his tooth before the Bucks County jail sent him to another dentist for an X-ray. He explains that it was dentists at SCI-Somerset who provided relief from his dental problem.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We grant Haynes's motion to dismiss Moore from this appeal, and construe Haynes's arguments to mean that he appeals only from the order in which the District Court construed his amended complaint as a motion to amend, denied it on the basis that amendment was futile, and dismissed the action. We review an order denying leave to amend for abuse of discretion. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). To the extent that the District Court dismissed the claims against the defendants who had not been served pursuant to its obligation to screen complaints under 28 U.S.C. § 1915A, our review of the dismissal is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

As Haynes has admitted that he provided the wrong names for the defendants, the District Court committed no error in dismissing the claims as to Crowley and Wily. However, the District Court should have permitted Haynes to amend his complaint to correct the name of one of the dentists who was initially misidentified. Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend should "be freely given when justice so requires." However, a district court may exercise its discretion and deny leave to amend on the basis of undue delay, bad faith, dilatory motive, prejudice, or futility. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted)

4

The District Court cited futility as its reason for disallowing amendment, on the basis that claims against the dental defendants amounted to claims of negligence or professional malpractice that were insufficient to state a constitutional violation. The bar to plead an Eighth Amendment is high – "[o]nly 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners [is] sufficiently egregious to rise to the level of a constitutional violation." Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). Neither allegations of medical malpractice nor a disagreement about a course of treatment establishes a constitutional violation. See id. However, violations include the intentional infliction of pain on a prisoner; the denial of reasonable requests for medical treatment where the denial exposes the prisoner to undue suffering or the threat of tangible residual injury; and the intentional refusal to provide care in cases where the need for medical care is known. See id. The medical condition must be serious; and the prison officials must be deliberately indifferent to it. See id. at 236.

In this case, it is possible, based on the allegations, that Haynes had a serious medical need. He described a hole in his gum and a hole in his tooth after a tooth extraction that caused pain that interfered with eating and drinking, and a continuous toothache and severe gum irritation for several months. According to him, the problem was not fixed until he was transferred to SCI-Somerset and dentists there extracted the tooth that had been damaged in the extraction and prescribed a course of antibiotics. It is also possible, taking all inferences in favor of Haynes at this stage, that the Bucks County dentist was deliberately indifferent to Haynes's medical need. As the District Court noted, before January 2009, Haynes had seen the dentist five times (as Haynes stated in

5

the grievance attached to his complaint). However, Haynes alleged that he could not get care for the continuing problem after January 2009. He stated that his ten requests for needed medical care from February 2009 through September 2009 were denied with deliberate indifference.

It is possible that Haynes will not succeed on his claim in the end. Although his allegations state a claim, his complaint may ultimately prove to be one of disagreement with a course of treatment, for which he would not be able to recover. Also, Haynes may not have exhausted his administrative remedies. He alleged that he did, attaching one grievance in which he describes an issue relating to his claims and alluding to other staff requests. In any event, the burden would be on the defendant(s) to plead failure to exhaust, and, if the affirmative defense were pleaded, the District Court would have to determine the sufficiency of the exhaustion against the policy of the Bucks County Correctional Facility (information about which is not currently before us). See Jones v. Bock, 549 U.S. 199, 217-19 (2007).

At this stage, however, the District Court should have permitted Haynes leave to amend because amendment does not appear to be futile (and no other factors counseling against amendment are present). Accordingly, we will vacate the challenged order and remand this matter for further proceedings consistent with this opinion. See L.A.R. 27.4; I.O.P. 10.6. On remand, a new summons should issue, with service of the summons and the complaint and its amendment to be made upon the defendant Crielly or Crillcey on the same terms as set forth in the District Court's order of December 9, 2009. As noted above, we grant Haynes's motion to dismiss Moore from this appeal, and consider

6

waived any challenge to the order dismissing Moore from the suit.