**ALD-044**                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3716
_____

TONY L. HAYNES,
                                                           Appellant

v.

T. MOORE, WARDEN; WILLIAM CRIELLY, DENTIST; MR. WILY, DENTIST
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-09-cv-04958)
District Judge:  Honorable Timothy J. Savage
_____

Submitted for Possible Dismissal Due to Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B),
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 17, 2011
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

(Opinion filed: December 6, 2011)
_____

OPINION
_____

PER CURIAM.

        In September 2009, Tony L. Haynes, previously a prisoner of the Bucks

County Department of Corrections, filed suit *pro se* and *in forma pauperis* against T.

Moore, the prison warden of the Bucks County Correctional Facility, and two dentists at

the institution, whose names he gave as Mr. Crowley and Mr. Wily. Proceeding under 42 U.S.C. § 1983, he claimed that the dentists improperly extracted his wisdom tooth, causing a permanent hole in his gum and severe irritation and pain. Haynes also alleged that the dentists were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when they ignored his ten subsequent requests for follow-up care and denied him further treatment to fix the injury between February 2009 and September 2009. Haynes also presented a claim against Moore for a perceived failure to investigate a grievance Haynes filed.

The United States Marshals' Service tried without success to effect service on the dental defendants. Moore, after being served with the complaint, moved to dismiss it. The District Court granted the motion and dismissed the complaint as to Moore.

Haynes subsequently submitted another form complaint. On the form, Haynes listed Moore, a dentist with the name of Crielly, and a John Doe dentist as defendants. On the form, he outlined the problems he had with the tooth extraction and aftermath (including what he described as a "hole" in another tooth) and explained that he had learned the proper name of one of the dental defendants. He stated that it was Crielly who put the hole in his gum and Crielly he wished to sue. Haynes explained that he submitted a grievance about the matter, citing the January 2009 grievance attached to his initial complaint. In his complaint, he also stated that it was dentists at the State

Correctional Institute at Somerset (SCI-Somerset), where he currently resides, who had to fix his dental problem.

Moore filed another motion to dismiss. The District Court again dismissed the suit as to him. The District Court also dismissed the rest of the action after noting that Haynes had not filed a motion to amend the complaint, treating the amended complaint as a motion to amend the complaint, and denying it as futile.

Haynes appealed. He explained that he was trying to sue a dentist named "Dr. Crillcey" at Bucks County Correctional Facility and another dentist whose name he did not know, and filed a motion to dismiss Moore from the appeal. We granted his motion and considered waived any challenge to the order dismissing Moore from the suit. Haynes v. Moore, 405 F. App'x 562, 565 (3d Cir. 2011). We vacated the order in which the District Court construed Haynes's amended complaint as a motion to amend, denied it on the basis that amendment was futile, and dismissed the action. Id. Although we concluded that the District Court did not err in dismissing the claims as to "Crowley" and "Wily" because Haynes admitted providing the wrong names for them, we held that the District Court should have permitted Haynes to amend his complaint to correct the name of one of the dentists who was initially misidentified. Id. at 564-65.

On remand, the District Court filed the amended complaint and service was effected on the dentist whose true name is William Crielly. In March 2011, Crielly filed a motion to dismiss or, in the alternative, a motion for summary judgment. On April 28, 2011, the District warned Haynes that Crielly's motion would be granted if Haynes did

3

not file a response by May 13, 2011; the District Court issued a similar warning on August 10, 2011, with a deadline of September 8, 2011. In the interim, the District Court granted Haynes's motion for appointment of counsel, but no counsel was secured from the Prisoners' Civil Rights Panel before the District Court granted Crielly's motion on September 22, 2011. The District Court entered two other orders shortly thereafter to make it clear that the action had been terminated against "Crowley," because that was the wrong name for Crielly, and against Moore, because his motion to dismiss had been granted previously. The District Court also entered an order to show cause why the action should not be dismissed against "Wily."

Haynes appeals. With his appeal, he presents a "motion for medical malpractice," in which he cites 42 Pa. C.S. § 5103(a) (relating to the transfer of matters erroneously filed in the wrong state court), 42 Pa. C.S. § 6503 (describing the right to apply for a writ of habeas corpus), and the 8th and 14th Amendments to the United States Constitution in arguing that he has suffered a wrong.

The first issue is whether we have jurisdiction over the appeal despite the claim that the District Court understands it to be pending against Wily. For jurisdiction to attach under 28 U.S.C. § 1291, a judgment must be final as to all parties, all causes of action, and the whole subject-matter. See Andrews v. United States, 373 U.S. 334, 340 (1963) (citing Collins v. Miller, 252 U.S. 364 (1920)); Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 640 (3d Cir. 1991). In actions involving multiple claims and parties, a district court may direct the entry of final judgment on fewer than all

4

of the claims and parties on the express determination that there is no just reason for delay.  See Fed. R. Civ. P. 54(b) (explaining the requisite determination under the rule); Gomez v. Gov't of the Virgin Islands, 882 F.2d 733, 736 (3d Cir. 1989).  However, a defendant who has not been served is not a "party" within the meaning of Rule 54(b). See Gomez, 882 F.2d at 736; see also United States v. Studivant, 529 F.2d 673, 674 n.2 (3d Cir. 1976).  In this case, the order appealed from ended the case as to Crielly, the suit against Moore was previously dismissed, and the remaining defendant, Wily, was never served.  (Furthermore, Haynes previously admitted that he did not wish to sue a defendant named "Wily.")  Accordingly, even if the District Court's show cause order relating to the suit against Wily is pending, the judgment is final as to all parties.

Concluding that we have jurisdiction under 28 U.S.C. § 1291, we exercise plenary review over the District Court's order.[1]  Abramson v. William Patterson College, 260 F.3d 265, 276 (3d Cir. 2001).  On review, we will summarily affirm the District Court's judgment because no substantial issue is presented on appeal.  See 3d Cir. Local Rule 27.4; 3d Cir. I.O.P. 10.6.

The District Court properly granted summary judgment in favor of Crielly on Haynes's Eighth Amendment claim.  The Eighth Amendment mandates that prisoners receive access to basic medical treatment.  See Estelle v. Gamble, 429 U.S. 97, 104

---

[1] Although Crielly, in his motion, asked for a "dismissal" of the complaint whether his motion to dismiss or his motion for summary judgment was granted, and the District Court used the term "dismissed" in its order, we understand the District Court's order as granting the motion for summary judgment.

5

(1976). "Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners [is] sufficiently egregious to rise to the level of a constitutional violation." Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). Violations include the intentional infliction of pain on a prisoner; the denial of reasonable requests for medical treatment where the denial exposes the prisoner to undue suffering or the threat of tangible residual injury; and the intentional refusal to provide care in cases where the need for medical care is known. Id. The medical condition must be serious; and the prison officials must be deliberately indifferent to it. Id. at 235-36. However, neither claims of medical malpractice nor a disagreement about a course of treatment establishes a constitutional violation. Id. at 235.

Based on the evidence presented by Crielly, after Haynes's wisdom tooth was extracted, Haynes unfortunately experienced a complication that is a known risk of the procedure (of which he was informed before the procedure). Haynes apparently also suffered discomfort because the extraction site became filled with food and debris despite the fact that Crielly had given Haynes detailed oral hygiene instructions. Crielly regularly and repeatedly examined Haynes, despite Haynes's documented refusal to allow himself to be treated on more than one occasion. Crielly took X-rays of the affected area, prescribed medication and special toothpaste, and discussed treatment options with Haynes. On Haynes's request, he was referred to a dentist at an outside facility, who concurred in Crielly's diagnosis and continued Haynes's treatment over the

6

course of several appointments. Within this uncontroverted[2] account of what happened, there is no evidence of wanton or intentional infliction of pain or deliberate indifference to a serious medical need. To the contrary, there is evidence that Crielly regularly provided medical care to Haynes in response to Haynes's requests for treatment.[3]

For these reasons, the District Court properly granted judgment in favor of Crielly. We will affirm the District Court's judgment. Haynes's "motion for medical malpractice" is denied.

---

[2] Despite two invitations from the District Court to respond to Crielly's motion or risk the motion being granted, Haynes did not oppose the motion at all.

[3] Although Haynes refers to malpractice in his motion on appeal, as we noted above, a claim of medical malpractice does not establish a constitutional violation. Spruill, 372 F.3d 235. Furthermore, we do not read Haynes's complaint to include a claim of medical malpractice under state law. As Crielly pointed out, Haynes could not succeed on such a claim anyway, as Haynes did not file the required certificate of merit. See Liggon-Redding v. Estate of Sugarman, No. 08-4336, 2011 U.S. App. LEXIS 20123, at *2 & *16 (3d Cir. Oct. 4, 2011).