BLD-351                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1155
_____

VINCENT SHERARD,
                              Appellant

v.

BERKS COUNTY, Pennsylvania; JEFFREY K. SPRECHER, Judge;
STEVEN A. WEBER, District Court Administrator;
JAMES P. TROUTMAN, Clerk of Courts;
OMER S. DEMING, ESQ.; MICHAEL D. DAUTRICH, ESQ.;
SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
SUPERINTENDENT SMITHFIELD SCI
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5:13-cv-00173)
District Judge:  Honorable Legrome D. Davis
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 7, 2014

Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: August 21, 2014)

_____

OPINION
_____

PER CURIAM

Vincent Sherard filed suit in forma pauperis against the defendants, alleging that they were violating his right to apply for parole on a firearms conviction for which he was serving a five-to-ten-year sentence (with a minimum date of September 6, 2010, and a maximum date of September 6, 2015). In his amended complaint,[1] he explained that he had been convicted of several crimes, including aggravated assault and a firearms

---

[1] Sherard initially filed his civil action in the United States District Court for the Middle District of Pennsylvania. A Magistrate Judge reviewed the filing and recommended that the complaint against six defendants be transferred to the United States District Court for the Eastern District of Pennsylvania, and that the matter be dismissed with prejudice as to the four other named defendants. The Magistrate Judge also recommended dismissal for any claims for damages against state actors in their official capacity. Sherard did not file objections, and the District Court in the Middle District adopted the report and recommendation on January 23, 2013. The matter was transferred under 28 U.S.C. § 1404(a) to the District Court for the Eastern District. That District Court sent Sherard another copy of the report and recommendation (perhaps noting the annotation on the Middle District docket that the report and recommendation had been returned as undeliverable), then amended the January 23, 2013 order to change the nature of the dismissal of the requests for money damages against the state actor defendants in their official capacity to be without prejudice. The District Court then granted Sherard leave to file an amended complaint. Sherard submitted his original complaint against all of the defendants as his amended complaint, but requests for waivers of service were sent only to the six defendants that the District Court for the Middle District did not dismiss from the action. Sherard was notified of this and did not object.

For reasons we do not understand, see In re Flight Transp. Corp. Sec. Litig., 764 F.2d 515, 516 (8th Cir.1985) ("It is well established that the transferor court under § 1404 loses all jurisdiction over a case once transfer has occurred.") (citations omitted), proceedings also continued in the District Court for the Middle District after the transfer. After Sherard sent a letter to the District Court for the Middle District that he did not get notice of the report and recommendation, and filed motions for reconsideration, that District Court denied reconsideration. Although the District Court for the Eastern District also believed only a portion of Sherard's case was before it, transfer under § 1404 is a plenary transfer, see In re Flight Transp. Corp. Sec. Litig., 764 F.2d at 516, and the Middle District court's order after transfer is a nullity that we do not consider. In any event, as we noted, proceedings continued in the District Court for the Eastern District on an amended complaint. It is the dismissal of the amended complaint that we will review.

violation, in the Court of Common Pleas for Berks County, Pennsylvania, in 2006, and received a total sentence of eight to twenty-five years in prison. Then, on January 29, 2009, the judgment was overturned on state collateral review except as to his firearm conviction; he was granted a new trial as to the other charges. He remained in prison on the sentence for the firearms charge, and, in September 2010, Sherard sought to apply for parole. Several months later, the Department of Corrections ("DOC") official told him that he was still serving his sentence of eight to twenty-five years.

Sherard tried to resolve the issue in the Pennsylvania courts. He filed a "motion for correction of sentence," which was denied, and a PCRA petition, for which he was appointed counsel, defendant Osmer S. Deming. Sherard tried to communicate the problem to Deming, who filed a no-merit letter in the PCRA court and stated to Sherard that he needed to file a habeas action to challenge his detention. When the PCRA court denied his petition, Sherard filed a pro se appeal; defendant Michael Dautrich was appointed to represent him. While Dautrich was representing him, Sherard filed a pro se state habeas corpus action in the Pennsylvania Supreme Court. The court sent it to Dautrich to refile, but he never did so.

In April 2012, Sherard was again informed by a prison official that he was still serving his eight-to-twenty-five-year sentence. He asked the Berks County Clerk of Courts to send information to the DOC to show that the judgment had been overturned, but the Clerk told him that the request needed to come from the DOC itself. Sherard then requested that the DOC records department look into it (noting the Clerk's response).

3

The records clerk and the acting records supervisor[2] refused his request, noting, inter alia, that he was still in the PCRA process. For these reasons, Sherard alleged that his right to apply for parole was being violated, and claimed (through 42 U.S.C. § 1983) violations of the Eighth and Fourteenth Amendments, as well as state malpractice laws in relation to his claims against his former counsel. For relief, Sherard requested a declaration that his rights had been violated, an injunction to correct his sentence so that he could apply for parole, and damages. Sherard also sought appointment of counsel, which the District Court denied.

The six defendants filed motions to dismiss the complaint. While the motions were pending, Sherard pleaded guilty to the offenses in his underlying Berks County criminal case (on which he had won a new trial in the PCRA process). He was resentenced. For instance, for the aggravated assault offense, he was sentenced to five to ten years in prison, with a start date of June 17, 2013, to be served concurrently with the sentence on the firearms offense, with credit for time served (2782 days). See Dautrich Statement Regarding Guilty Plea of June 13, 2013, at Ex. 1 (ECF No. 36). The defendants filed supplemental argument, stating, inter alia, that Sherard's complaint should be dismissed as moot.

The District Court granted the motions to dismiss. The District Court ruled that Sherard's claims for declaratory and injunctive relief were moot. Considering the claims for damages, the District Court concluded that Sherard had failed to state a claim for a

---

[2] These defendants were not among the six served with the amended complaint.

4

violation of the Eighth Amendment. The District Court then explained that although Sherard had stated a cognizable violation of the Due Process Clause (regarding his right to apply for parole, which none of the defendants had addressed), he could not recover from the defendants. Two were not state-actors, one was protected by judicial immunity, and two were entitled to qualified immunity. The District Court further held that Sherard could not recover from the sixth defendant because his claim against it relied on a theory of respondeat superior. The District Court determined that leave to amend was futile and also declined to exercise supplemental jurisdiction over Sherard's state law claims.

Sherard appeals.[3] We have jurisdiction over this appeal under 28 U.S.C. § 1291,[4] and we may affirm on any basis supported by the record, see Erie Telecomms., Inc. v. City of Erie, 853 F.2d 1084, 1089 n.10 (3d Cir. 1988). Our review is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); McGovern v. City of Phila., 554 F.3d 114, 115 (3d Cir. 2009). We review the dismissal of the state law claims, the denial of

---

[3] He also has submitted a motion for appoint of counsel.

[4] For jurisdiction to attach under 28 U.S.C. § 1291, a judgment must be final as to all parties, all causes of action, and the whole subject-matter. See Andrews v. United States, 373 U.S. 334, 340 (1963) (citing Collins v. Miller, 252 U.S. 364 (1920)); Mellon Bank, N.A. v. Metro Commc'ns, Inc., 945 F.2d 635, 640 (3d Cir. 1991). In actions involving multiple claims and parties, a district court may direct the entry of final judgment on fewer than all of the claims and parties on the express determination that there is no just reason for delay. See Fed. R. Civ. P. 54(b) (explaining the requisite determination under the rule); Gomez v. Gov't of the V.I., 882 F.2d 733, 736 (3d Cir. 1989). Although there was no Rule 54(b) certification in this case, we still have jurisdiction over this appeal because a defendant who has not been served is not a "party" within the meaning of Rule 54(b). Gomez, 882 F.2d at 736; see also United States v. Studivant, 529 F.2d 673, 674 n.2 (3d Cir. 1976). The only claims in the amended complaint that the District Court did not adjudicate were those claims against the unserved defendants.

5

leave to amend, and the denial of appointment of counsel for abuse of discretion. See De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 311 (3d Cir. 2003); Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004); Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993). Upon review, we will summarily affirm the judgment of the District Court because no substantial issue is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

We agree with the District Court that Sherard's claims for declaratory and injunctive relief were mooted by Sherard's guilty plea.[5] A federal court does not have the power to decide moot questions. See North Carolina v. Rice, 404 U.S. 244, 246 (1971). Article III requires a live case or controversy throughout the entire litigation; if no live controversy exists, the court must dismiss the case for lack of jurisdiction. See Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992). When Sherard pleaded guilty to the other charges, he was resentenced and no longer serving the sentence that he sought injunctive relief to correct. And because a declaratory judgment is to declare the rights of litigants, it is "by definition prospective in nature." CMR D.N. Corp. & Marina Towers Ltd. v. City of Phila., 703 F.3d 612, 628 (3d Cir. 2013) (citation and quotation marks omitted). It does not serve a purpose where the complained-of situation has changed. Cf. id.

Without repeating the District Court's analysis, we agree that Sherard did not state an Eighth Amendment claim but did state a Due Process claim regarding his right to apply for parole (a claim, at the base of his complaint, that the defendants surprisingly did

---

[5] We, like the District Court, can consider Sherard's guilty plea because it is a matter of public record. See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

not address). However, as the District Court concluded, Sherard could not recover under 42 U.S.C. § 1983 against the six defendants.

Appointed counsel, defendants Deming and Dautrich, were not subject to suit under 42 U.S.C. § 1983. Considering the allegations and taking all inferences in favor of Sherard, those two defendants simply were not state actors when they performed "a lawyer's traditional functions" as appointed counsel. See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981). Judge Sprecher, who is named in multiple counts of Sherard's complaint but only described as having presided over Sherard's criminal trial, is immune from suit for the allegations relating to actions in his judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 356 (1978) (explaining that judges are immune from suit for actions taken in their judicial capacity, even if any action taken "was in error, was done maliciously, or was in excess of [] authority"). It is possible that the other named court officials, the Clerk and court administrator, may be protected by judicial immunity in assigning appointed counsel and dealing with a records request. See Gallas v. Supreme Ct., 211 F.3d 760, 772-73 (3d Cir. 2000) (explaining that judicial employees acting as intermediaries for judges or "functioning as an arm of the court" are protected by judicial immunity). But even if they were not functioning as an arm of the court, they are entitled to qualified immunity because neither violated Sherard's clearly established rights through the conduct that Sherard described. Lastly, because Sherard's claims against the remaining defendant, Berks County, were based on a theory of respondeat superior, they were not actionable. Dodson, 454 U.S. at 325.

Because no federal claims remained, the District Court did not abuse its discretion in declining to entertain Sherard's state law claims. See 28 U.S.C. § 1367(c)(3). Because Sherard's federal claims ultimately were not actionable and in light of the District Court's balanced consideration of the Tabron factors, we discern no abuse of discretion in the decision not to appoint counsel. Also, given that Sherard had already been permitted leave to amend his complaint, and given that he refiled his original complaint as his amended complaint, we conclude the District Court did not abuse its discretion in ruling that further leave to amend would be futile.

For these reasons, we will affirm the District Court's judgment. We deny Sherard's request to appoint him counsel.[6]

---

[6] The Clerk is directed to file Sherard's motion for appointment of counsel, which was docketed as received on February 5, 2014.