**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1763
_____

ELLEN HEINE; JOHN AND JANE DOE 1 TO 10; ABC COMPANIES AND/OR
ENTITIES 1 TO 10; JOSEPH FABICS; CHRISTOPHER GRIECO;
THERESE RUPPERT, as Tenants at 515 Van Bussum Ave;
JOHN F. MALONE; CAITLIN RUPPERT; RYAN MOSKOWITZ;
PAUL WONDOWSKY; UNITA PERI-OKONNY; ANN R. SCHILDKNECHT

v.

COMMISSIONER OF THE DEPARTMENT OF COMMUNITY
AFFAIRS OF THE STATE OF NEW JERSEY; THE STATE OF NEW JERSEY;
BERGEN COUNTY D.Y.F.S.; JP MORGAN CHASE BANK, N.A.

Chris Grieco, Ellen Heine, Ann Schildknecht, Unita Peri-Okonny
Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 11-cv-05347)
District Judge:  Honorable Kevin McNulty
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 13, 2020
Before:  JORDAN, BIBAS and PHIPPS, Circuit Judges

(Opinion filed February 14, 2020)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Ellen Heine, Chris Grieco, Ann Schildknecht, and Unita Peri-Okonny ("Appellants") appeal the District Court's order dismissing their Seventh Amended Complaint.[1] For the reasons below, we will affirm the District Court's order.

The procedural history of this case, the related litigation, and the details of Appellants' claims are well known to the parties, set forth in the District Court's opinions and orders, and need not be discussed at length. Briefly, in their Seventh Amended Complaint, Appellants complained that their properties had been closed as imminent hazards which denied them the use of their properties. They alleged, inter alia, that this was the result of discriminatory housing codes. The District Court dismissed several claims and granted Appellee Commissioner of the Department of Community Affairs (DCA) summary judgment on the remaining claims. Appellants filed a notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.[2]

While Appellants make several generalized assertions regarding their claims, we can discern very few comprehensible, specific arguments in Appellants' brief that

---

[1] Because Appellant Ann Schildknecht did not sign Appellants' brief, we conclude that she has abandoned her appeal. See 3d Cir. LAR Misc. 107.2(b) (allowing for dismissal for failure to file a brief).

[2] In a December 1, 2016 order, the District Court dismissed some, but not all, of Appellants' claims with prejudice. Appellee Commissioner argues that we lack jurisdiction to review that order because a dismissal with prejudice is a final, appealable order from which Appellants failed to file a timely notice of appeal. Generally, however, in order to be final and appealable, a District Court order must be final as to all causes of action and all parties, Andrews v. United States, 373 U.S. 334, 340 (1963), and the December 1, 2006 order dismissed only some of the claims.

2

challenge the District Court's judgment. We will address those that we have found, all of which appear to concern Appellant Heine's property.

Appellants appear to argue that the DCA has a restrictive view of the concept of family which results in the discriminatory implementation of housing statutes and codes. However, in granting the DCA's Commissioner's motion for summary judgment, the District Court observed that Appellants did not show that they were injured by any action or policy of the DCA because the properties at issue were closed due to health and safety violations and not as illegal "rooming houses." The District Court noted that the order that closed the property of Appellant Heine was issued by the City of Garfield and not the DCA. Likewise, Appellants argue that, under New Jersey law, the agency that displaces a person due to code enforcement should provide relocation assistance. Because the DCA did not close the property and displace Appellants, their claims that the DCA failed to relocate them are without merit.

In a related argument, Appellants assert that there are disputed issues of material fact that should have precluded the grant of summary judgment. They appear to be challenging the District Court's conclusion that there was no evidence that the DCA or its Commissioner brought about the closure of Heine's property. Rather, as noted above, the property was closed by the City of Garfield because it was in a hazardous condition. In their brief, Appellants do not point to any evidence that creates a disputed issue of material fact. They argue only that there were contracts between the municipality and the

3

State and that the matter should be reopened so that the record can be expanded to include these contracts.

Appellants appear to challenge the District Court's resolution of their inverse condemnation claims. However, they do not point to where in the record the District Court resolved this claim. To preserve arguments in a brief, an Appellant must support the arguments with reasoning as well as citation to authorities and portions of the record in support. Fed. R. App. P. 28(a)(8)(A). Even with the liberal pleading standards afforded to pro se litigants, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), Appellants' brief is not sufficient. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145-46 (3d Cir. 2017) ("[W]e have consistently refused to consider ill-developed arguments or those not properly raised and discussed in the appellate briefing."). We will not comb through the lengthy District Court record in an attempt to understand Appellants' arguments. See DeSilva v. DiLeonardi, 181 F.3d 865, 867 (7th Cir. 1999) ("A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record.").

Appellants argue that the District Court should have granted their motion for reconsideration with respect to the dismissal of Appellee JP Morgan Chase Bank (Chase). They do not, however, challenge the bases for the District Court's dismissal. There are no allegations of improper conduct by Appellee Chase; rather, Appellants simply argue that Chase was a necessary party because the closure of the properties could lead to foreclosure.

4

Appellants have not shown that the District Court erred in dismissing their claims or in granting summary judgment. Accordingly, we will affirm the District Court's judgment.